[No. 13609.  In Bank. — March 14, 1890.]

## S. ROVEGNO, PETITIONER, *v.* JOHN HUNT, JUDGE OF THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PARTITION — CONSENT TO INTERLOCUTORY DECREE OF SALE — WRIT OF ASSISTANCE — MANDAMUS — STAY OF EXECUTION — NON-APPEALABLE ORDER. — When an interlocutory decree is entered in an action of partition by consent of all the parties, adjudging that a sale is necessary to effect a partition, and the time for appeal thereupon has elapsed without appeal, there can be no merit in an application for a *mandamus* to compel the judge of the superior court to fix a bond to stay execution upon appeal from an order granting a writ of assistance to a purchaser who has obtained title under the decree; nor is such order appealable, not having been made after final judgment in the cause.

APPLICATION to the Supreme Court for a writ of mandate to a judge of the Superior Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*A. D. Splivalo,* and *Charles E. Nougues,* for Petitioner.

*T. M. Osmont,* for Respondent.

PATERSON, J. — This is an application for a writ of mandate commanding the respondent herein, Hon. John Hunt, judge of the superior court in and for the city and county of San Francisco, to forthwith proceed to fix the amount of a bond to be given by the petitioner herein in an action pending in said superior court, entitled *Levins* v. *Rovegno,* sufficient to stay the execution of the writ of assistance issued in said action.

Upon the petition filed, an alternative writ was issued herein, returnable on the thirteenth day of January, 1890. On that day respondent filed an objection to the sufficiency of the petition, and at the same time set up certain matters, most of which, however, appear in the petition.

The objection to the sufficiency of the petition is well taken.

1. The interlocutory decree mentioned in the petition was given, made, and entered by consent of all the parties to the action, including petitioner. No appeal therefrom was taken by any party to the action, and the time for appeal has expired. Under that decree, which was entered under a stipulation of all the parties, Cerf was appointed sole referee to make a sale of the premises and report the same to the superior court. The sale was confirmed, and he was required to execute and deliver to the purchaser a deed of the premises, and to let the purchaser into possession thereof. The sale was confirmed on the seventeenth day of May, 1889, and the decree of confirmation required the referee to make, execute, and· deliver to the purchaser his deed to the premises, and upon the delivery of the deed, to put the purchaser, Ferroggiaro, into possession thereof. The purchaser received his deed on May 24, 1889. No further proceedings were had in the case until December 3, 1889, when said superior court ordered a writ of assistance to issue to place said Ferroggiaro, the purchaser, in possession of the premises. On the 9th of December, 1889, the petitioner and his co-defendants in said action of *Levins* v. *Rovegno* appealed from said order granting a writ of assistance, and on the following day they applied to respondent for an order fixing the amount of a bond to be given on appeal sufficient to stay the execution of said writ.

The interlocutory decree having been entered upon written stipulation of the parties, and in accordance with its terms, and no appeal therefrom having been taken, there is no merit in this application.

2. The order directing the issuance of a writ of assistance was not an order made after final judgment in the cause, and therefore is not appealable. The decree was interlocutory, and not final.

Application denied.

Fox, J., McFarland, J., Sharpstein, J., and Beatty, C. J., concurred.

Thornton, J.— I concur in the denial of the application herein.