[S. F. No. 4965. In Bank.—March 28, 1908.]

## PAULINE GORDAN, Petitioner, v. THOMAS F. GRAHAM, as Judge of the Superior Court of the City and County of San Francisco, Respondent.

PARTITION—INTERLOCUTORY DECREE—APPEAL FROM ORDER CONFIRMING SALE—TENANT IN POSSESSION MAY APPEAL.—Where the interlocutory decree in an action of partition directed a sale of the common property, one who was adjudged to be a tenant in common, and who was in possession, had the right to oppose the confirmation of the sale, and to have it vacated if not made in conformity with law, or for an adequate price, and the corresponding right to review, on appeal, an order confirming such sale.

ID.—INTERLOCUTORY DECREE IS FINAL JUDGMENT.—The interlocutory decree directing the sale is to be regarded as a final judgment with respect to subsequent orders in aid of its execution.

ID.—ORDER FOR WRIT OF ASSISTANCE IS APPEALABLE.—An order for a writ of assistance, directing the sheriff to put the purchaser at the partition sale in possession, must also be considered, for the purposes of an appeal, as an order made after final judgment.

ID.—EX PARTE ORDER—APPEAL FROM ORDER REFUSING VACATION OF WRIT.—Where the order for the writ of assistance was made *ex parte*, without notice to the tenant in possession, the latter had the right, in order to secure an available record on appeal, to move for a vacation of the order and writ, and, if the motion were denied, to appeal from the order of denial, instead of appealing directly from the *ex parte* order.

ID.—UNDERTAKING TO STAY PROCEEDINGS—DUTY OF JUDGE TO FIX AMOUNT—MANDAMUS.—An appeal by the tenant in possession from an order refusing to vacate the order for the writ of assistance, is in substance an appeal from an order for the delivery of possession of real estate, and under section 945 of the Code of Civil Procedure it was the duty of the trial judge, upon a proper application in that behalf, to fix the amount of the undertaking to be given to stay proceedings on the writ, pending the appeal, and *mandamus* lies to compel performance of the duty.

APPLICATION for a Writ of Mandamus directed to Thomas F. Graham, as judge of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

W. T. Kearney, for Petitioner.

Louis Hirsch, and Jesse H. Steinhart, for Respondent.

SHAW, J.—This is an application for a writ of mandate.

On February 14, 1908, in an action for partition, entitled Rosa. Bloom *v.* Pauline Gordan, the superior court made an order denying the petitioner's motion to vacate an order for a writ of assistance theretofore issued therein, directing the sheriff to remove petitioner from the premises involved in the suit and place one Fannie Abrahamson in possession thereof. Desiring to appeal from this order and to obtain a stay of proceedings on the writ pending the appeal, the petitioner applied to the respondent to fix the amount of the undertaking necessary to stay such proceedings. This the respondent refused, and petitioner asks a mandate to compel respondent to proceed to fix the amount of the proposed undertaking.

An interlocutory decree of partition directing the sale of the property by the referees was filed in Bloom *v.* Gordan on January 9, 1906, and it became final on March 10, 1906, if not before. (*Bloom* v. *Gordan,* 150 Cal. 763, [90 Pac. 115].)

The sale was made by the referees to Fannie Abrahamson, in pursuance of the decree, and, after due notice, it was confirmed by an order made on January 15, 1908, and entered on February 3, 1908. The writ of assistance was issued by authority of an order made *ex parte* on February 11, 1908. On February 13, 1908, the petitioner, Pauline Gordan, gave notice of appeal from the order confirming the sale and filed the undertaking on appeal as required by law. She had notice of the making of that order, but no formal notice of the entry thereof, so far as appears, has ever been given to her.

The interlocutory order of partition adjudged that Pauline Gordan was the owner of an undivided one third of the premises, as tenant in common. She was in possession. A valid sale and conveyance under the order would terminate her interest and right of possession. She had the right, therefore, to oppose the confirmation of a sale and to have it vacated if not made in conformity with law, or for an adequate price, and the corresponding right to review, on appeal, an order confirming such sale. It has been held that

the purchaser at such a sale may appeal directly from an order vacating the sale, that, so far as he is concerned, such order is appealable as an order made after final judgment, and that the interlocutory order directing a sale is to be regarded as a final judgment with respect to subsequent orders in aid of its execution. (*Hammond* v. *Cailleaud,* 111 Cal. 213, [52 Am. St. Rep. 167, 43 Pac. 607]; *Dunn* v. *Dunn,* 137 Cal. 56, [69 Pac. 847].) If it is an order made after final judgment, and appealable as such by the purchaser, it must be so as to the adverse parties, the tenants in common. The appeal of Pauline Gordan from the order confirming the sale is therefore a valid appeal, if regularly taken. In so far as *Rovegno* v. *Hunt,* 83 Cal. 446, [23 Pac. 524], is contrary to this conclusion, it must be considered as overruled by the decisions in *Hammond* v. *Cailleaud* and *Dunn* v. *Dunn.* We think it was wrong in principle, on that point.

Neither the interlocutory order for the sale, nor the order confirming the sale, directed that the purchaser be let into possession. That direction was first given by the court when it made the *ex parte* order that a writ of assistance should issue to the sheriff. The latter also must be considered, for the purposes of an appeal, as an order made after final judgment, it being as plainly in aid of the order of sale as is the order of confirmation. Being made *ex parte,* the tenant in possession having no notice, she had the right, in order to secure an available record on appeal, to move for a vacation of the order and writ, and, if the motion were denied, to appeal from the order of denial, instead of appealing directly from the *ex parte* order. (*Pignaz* v. *Burnett,* 119 Cal. 163, [51 Pac. 48].)

In substance this appeal is from an order for the delivery of possession of real estate, and it was therefore the duty of the respondent under section 945 of the Code of Civil Procedure, upon a proper application in that behalf, to fix the amount of the undertaking to be given to stay proceedings on the writ, pending the appeal, and *mandamus* lies to compel performance of the duty. This was expressly decided in *Green* v. *Hebbard,* 95 Cal. 39, [30 Pac. 202].

*Rovegno* v. *Hunt,* 83 Cal. 445, [23 Pac. 524], is cited as a case holding that *mandamus* is not maintainable in such a case. In that case, however, the order confirming the sale

directed that the purchaser be put into possession upon the delivery of the deed. No appeal had been taken therefrom, and it had become final by lapse of the time for appeal. Hence there could be no merit in an appeal from a subsequent order granting a writ of assistance, and it was obviously taken merely to vex and annoy the purchaser. For that reason the writ of mandate in that case was denied. *Mandamus* is a discretionary writ, and it may perhaps be denied when it is sought in aid of an obviously vexatious and fruitless appeal. (*Wiedwald* v. *Dodson,* 95 Cal. 453, [30 Pac. 580]; *Gay* v. *Torrance,* 145 Cal. 147, [78 Pac. 540]; 26 Cyc. 149, 156; 19 Am. & Eng. Ency. of Law, pp. 754, 758.) It is suggested that the appeal from the order confirming the sale is likewise without merit, because no bill of exceptions to the order has been proposed or settled and the time therefore has expired. But the order has not been exhibited to us, and we cannot say that it may not be erroneous on its face. (See 26 Cyc. 152.)

It is ordered that a peremptory writ issue as prayed for, and that proceedings on the writ of assistance be stayed until the expiration of five days after the respondent shall have fixed the amount of the undertaking to be given by petitioner to stay proceedings thereon pending an appeal from the order refusing to vacate the order directing the issuance of the writ of assistance.

Sloss, J., Angellotti, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.