[L. A. No. 4079. Department Two.—July 19, 1915.]

In the Matter of the Estate of SAMUEL F. BAKER, Deceased. JULIUS V. PATROSSO, Administrator With the Will Annexed of the Estate of Mary J. Farrand, Deceased, Appellant.

ESTATE OF DECEASED PERSON—CONTEST OF WILL—DEATH OF CONTESTANT—DISMISSAL OF CONTEST—MOTION TO SET ASIDE JUDGMENT OF DISMISSAL—RIGHT OF APPEAL FROM ORDER DENYING.—Where pending a contest to revoke the probate of a will filed by an heir at law, the contestant died, and on the day set for the hearing, it was called for trial, and the death of the contestant was made known to the court by her former attorneys, and the executor moved the court to dismiss the contest upon the sole ground that the right of action did not survive the contestant, which motion was granted, and at the time of the motion and the granting of the order, no administrator or executor of the contestant had been appointed, and no notice of the motion to dismiss was served upon the administrator, executor, or personal representative of the contestant, but about two months thereafter an administrator with the will annexed of her estate was duly appointed and he promptly served and filed a notice of motion for an order vacating and setting aside the judgment of dismissal of the contest, and for a substitution for the deceased contestant in the contest of himself as such administrator, which motion was denied, an appeal lies by said administrator from the latter order.

ID.—RIGHT OF APPEAL FROM ORDER REFUSING TO VACATE JUDGMENT—GENERAL RULE—EXCEPTIONS.—While it is the general rule that no appeal lies from an order refusing to vacate an order or judgment, there are exceptions to said rule, where, to the end that justice may be done, one appeal is permitted from an order refusing to vacate a judgment or decree, when, for reasons involving no fault of the appealing party, he has never been given an opportunity to appeal directly from the judgment or decree. These are cases where one's rights or interests are injuriously affected by a judgment or by an appealable order in litigation to which he is not formally a party, or in which, if a party, he has not received due notice, so that as to him the judgment or appealable order is made *ex parte*. In such cases it is always permissible for the one injured to make himself a party to the litigation, if he has not been a party, and after he has thus submitted to the jurisdiction of the court, to move the vacation of the decree or appealable order injuriously affecting his interest, and to appeal if the motion be denied. The same right is open to one who is a party to litigation and against whom such an order or decree has been given improperly and *ex parte*. These cases, of course, arise

when the motions are made after the time limited by law for the appeal has expired.

ID.—ORDER OF DISMISSAL—EFFECT OF—REFUSAL TO REVOKE PROBATE OF WILL—APPEAL.—The order of dismissal in such a case was strictly, in its effect, an order refusing to revoke the probate of a will, and a decree refusing to revoke the probate of a will is an appealable order under section 963 of the Code of Civil Procedure.

ID.—IMPROVIDENT ORDER OF DISMISSAL—FORM OF JUDGMENT.—In such a case, where at the time of the order of dismissal and after it was made, there was no person in existence who could appeal from it, it was improvidently made in that it was a judgment of dismissal entered against a dead person and not against that dead person's personal representative. Whether a right of action survive or not, the due and regular form of procedure dictated that the judgment of dismissal, upon whatsoever ground based, should have been made after the substitution of the personal representative of the deceased contestant in her place and stead, and the judgment itself should have run against such personal representative.

ID.—AUTHORITY OF ATTORNEYS—DEATH OF CLIENT.—The authority of those who had been the dead person's attorneys at law closed with her death and they could not appeal; nor could the administrator with the will annexed have appealed until he became, had been made, or had made himself a party to the litigation; and it was the proper course for the administrator to move to vacate the decree of dismissal and to substitute himself in his representative capacity for the deceased, and the right of appeal from the order denying the motion is with the administrator.

ID.—DEFECT IN BOND—DEFAULT IN ANSWERING CROSS-COMPLAINT—PROVISION OF WILL THAT CONTESTANT RECEIVE NO PORTION OF ESTATE.—The contention that there was a defect in the bond filed by the contestant in the matter of her contest; that the contestant in her lifetime suffered default to a cross-complaint of the executor and therefore forfeited her right to contest, and that the will provided that any contesting legatee or devisee should receive no portion of the estate, and therefore the contestant had no right of contest, presents matters entirely outside of the case and no one of them constitutes a ground for the motion.

ID.—RIGHT OF CONTEST—STATUTORY PROCEEDINGS.—The right of contest of wills is the creature of statute, being unknown to the common law, and a contestant has such rights and only such rights as the law gives him; and the proceeding in proof of a will as well as in disproof is a proceeding *in rem.* It is a proceeding to determine the legal *status* of a written instrument; the world is bound by it and all parties in interest are or may be actors in it.

ID.—PARTIES—RIGHT OF CONTEST.—Specifically our law provides (Code Civ. Proc., sec. 1327) that "any person interested" may contest a will which has been admitted to probate within one year thereafter.

ID.—BASIS OF RIGHT—ILLEGAL DEPRIVATION OF PROPERTY.—The right of an heir or other person in interest to contest a will is fundamentally based upon the illegal deprivation occasioned to him, the illegal loss to him of property or property rights, by giving recognition to an instrument depriving him of those rights, which instrument for one or other cause, is illegal, invalid, and void.

ID.—RIGHTS OF HEIR—WHEN VESTED.—While the expectancy of an heir is not usually regarded as property, the moment the ancestor has died, that expectancy has changed into a vested interest in property. It becomes thus vested by virtue of the death. If then those rights are destroyed or impaired by an instrument which, though in form a will, is not for any reason recognized by the law as a valid instrument, the heir is stripped of his vested rights to property by a paper writing as iniquitous in its effect as though it were forged. The contest of a will therefore goes to establish upon the part of the contestant that his right to the property has been violated, and such a right is one that survives or may be transferred under section 954 of the Civil Code.

ID.—RIGHT OF CONTEST—SURVIVAL OF RIGHT OF.—The statutory right of contest of a will gives to the original possessor of that right a chose in action which is assignable and which survives his or her death. It is a chose in action founded on an attempt to divest or a divestiture of the contestant of his property rights; and section 385 of the Code of Civil Procedure describes what proceedings shall follow the death of the possessor or assignment of such a cause of action.

ID.—CONSTRUCTION OF SECTIONS 385, 1713, CODE CIVIL PROCEDURE.— Section 1713 of the Code of Civil Procedure makes the provisions of part II of this code, in which section 385 is found, expressly applicable to all such special proceedings; and section 1582 of that code does not stand in the way of the maintenance of such contest by the representatives of the deceased contestant.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to vacate and set aside a judgment of dismissal of a contest of will. James C. Rives, Judge.

The facts are stated in the opinion of the court.

William M. Abbott, William M. Cannon, and Thomas C. Ridgway, for Appellant.

James H. Blanchard, William T. Kendrick, and Will D. Gould, for Respondents.

HENSHAW, J.—Samuel F. Baker died testate. He left heirs at law, and, amongst them, Mary J. Farrand, a sister. His will was admitted to probate in the superior court of the county of Los Angeles, and Will D. Gould was appointed executor thereof. Will D. Gould was also a residuary devisee and legatee under the will. Within one year after the will was thus admitted to probate and within the time limited by law, Mary J. Farrand filed her contest of the will, praying for a revocation of its probate on the ground of unsoundness of mind of the testator and the undue influence exercised upon him. While this contest was pending and before its trial, Mary J. Farrand died. On March 19, 1914, the day and date set for the hearing of the contest, it was called for trial, and the death of the contestant was made known to the court by her former attorneys. Thereupon the executor moved the court to dismiss the contest upon the sole ground that the right of action embodied in the contest did not survive the death of the contestant. The court heard argument upon the matter and thereafter granted the motion. At the time of the motion and at the time of the granting of the order no administrator or executor of the contestant, Mary J. Farrand, deceased, had been appointed in this state, and no notice of the motion to dismiss was served upon any administrator, executor, or personal representative of Mary J. Farrand, deceased. About two months thereafter an administrator with the will annexed of the estate of Mary J. Farrand, deceased, was duly appointed by the superior court of the state of California in the matter of the estate of Mary J. Farrand, deceased. He promptly served and filed a notice of motion for an order vacating and setting aside the decree and judgment of dismissal of the contest, and for a further order substituting for Mary J. Farrand, deceased, in the matter of her contest, himself, the movant, as administrator with the will annexed of the estate of Mary J. Farrand, deceased. This motion was opposed and denied by the court, and from its order denying it the administrator of the estate of Mary J. Farrand has taken this appeal.

A motion to dismiss this appeal has been made by respondent. By his motion he contends that this appeal so taken from an order refusing to vacate the order and judgment of dismissal of the contest is not an appealable order; that the only appeal that lies is that from the order or judgment or

decree dismissing the contest, and that as such an appeal was not taken, no other appeal will lie. Cases to this effect are cited, which need not here even be mentioned, for such indeed is the general rule. Otherwise, the losing litigant would have the right to one appeal which the law expressly gives, and the time of which it limits, which appeal must be a direct appeal from the order or judgment, and likewise another appeal from an order of the court, made at some indefinite future time refusing a motion to vacate the judgment. And, as upon such second appeal the appellant has the right to have the judgment reviewed not only for excess of jurisdiction, but also for error (*Elliott* v. *Supreme Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109]), the manifest result of the sanction of such a general practice would be to declare that every unsuccessful litigant has two appeals, the time of one being fixed by law, the time of the other being fixed by his own convenience, after denial of his motion to vacate the judgment complained of. Hence the general rule and the reasons for it. But there are a large number of cases arising under an entirely different state of facts where the reason for the rule being otherwise, the rule itself is otherwise. In those cases two appeals are not permitted, but, to the end that justice may be done, one appeal is permitted from an order refusing to vacate a judgment or decree when, for reasons involving no fault of the appealing party, he has never been given an opportunity to appeal directly from the judgment or decree. These are cases where one's rights or interests are injuriously affected by a judgment or by an appealable order in litigation to which he is not formally a party, or in which, if a party, he has not received due notice, so that as to him the judgment or appealable order is made *ex parte.* In such cases it is always permissible for the one injured to make himself a party to the litigation, if he has not been a party, and after he has thus submitted to the jurisdiction of the court, to move the vacation of the decree or appealable order injuriously affecting his interest, and to appeal if the motion be denied. The same right is open to one who is a party to the litigation and against whom such an order or decree has been given improperly and *ex parte.* These cases, of course, arise when the motions are made after the time limited by law for the appeal has expired. The moving parties, for the indicated reasons, have not been able to avail themselves

of the right to appeal. And only by this method can they be protected in this valuable right. Our cases so holding are numerous. Says this court in *Elliott* v. *Superior Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109] : ''He may make himself a party by moving to set aside such judgment or order and if his motion is denied, may, on appeal from that order, have the proceeding of which he complains reversed, not only for excess of jurisdiction but for error.'' And in *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48], this court further declares: ''As to every order finally disposing of the rights of the parties, as to any matter involved in the litigation—orders, final in the sense that the question cannot be again considered in the case—the parties affected have a right to be heard. When they are made *ex parte,* the right to move to vacate the order, and upon such motion to show cause against the order, is implied. In such case, the only appeal which can avail is an appeal from the order refusing to vacate. In no other way, where evidence is submitted, can the appellant present to this court his showing against the order. To say he cannot do this is to deny him his right of appeal.''

To this class of cases, which class is so widely different from the generality of cases that it may not even be fairly said to constitute an exception to the general rule, the case presented by the present appeal belongs. The order dismissing the contest of Mary J. Farrand was based upon the death of Mary J. Farrand and the conviction that this right of action did not survive her. This order of dismissal was strictly, in its effect, an order refusing to revoke the probate of a will. It has been so declared in *Mahoney* v. *Superior Court,* 140 Cal. 513, [74 Pac. 13]. The decree refusing to revoke the probate of a will is an appealable order under section 963 of the Code of Civil Procedure. But at the time and after it was made, no person in existence could appeal from it. It was improvidently made in that it was a judgment of dismissal entered against a dead person and not against that dead person's personal representative. Whether a right of action survived or not, the due and regular form of procedure dictated that the judgment of dismissal, upon whatsoever ground based, should have been made after the substitution of the personal representative of Mary J. Farrand in her place and stead, and the judgment itself should have run

against such personal representative. (*Sanchez* v. *Roach,* 5 Cal. 248; *Sheldon* v. *Dalton,* 57 Cal. 19; *Pedlar* v. *Strand,* 116 Cal. 462, [48 Pac. 371]; *Estate of Crooks,* 125 Cal. 459, [58 Pac. 89]; *Estate of McDermott,* 127 Cal. 452, [59 Pac. 783].) As made, this decree of dismissal presented the following situation: It was made against a dead person who could not appeal. The authority of those who had been that dead person's attorneys at law ceased with her death (*Deiter* v. *Kiser,* 158 Cal. 259, [110 Pac. 921]), and they could not appeal. The administrator with the will annexed could not appeal until he became, had been made, or had made himself. a party to the litigation. But it would have been preposterous for this administrator with the will annexed to have asked the court to substitute him unless he, at the same time asked that the decree of dismissal be vacated, to the end that the substitution might be made, even if the court thereupon gave the same judgment of dismissal against the administrator, based upon its conviction that the right of contest did not survive. The proper steps were, therefore, taken by the administrator in his motion to vacate the decree of dismissal and to substitute himself in his representative capacity for Mary J. Farrand, deceased. This the court refused to do. Since the judgment sought to be vacated was subject to an appeal, the right to this appeal from the order refusing to vacate it under the indicated circumstances is with the administrator. (*People* v. *Grant,* 45 Cal. 97; *San Jose* v. *Fulton,* 45 Cal. 316; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]; *Gordon* v. *Graham,* 153 Cal. 297, [95 Pac. 145]; *Postal etc. Co.* v. *Superior Court,* 22 Cal. App. 770, [136 Pac. 538].) The motion to dismiss is therefore denied.

Coming next to the merits of the appeal, respondent, under a suggestion of diminution of the record and an amendment of that record, urges certain considerations upon our attention. These are a defect in the bond filed by contestant in the matter of her contest; that Mary J. Farrand in her lifetime suffered default to a cross-complaint of the executor, and therefore forfeited her right to a contest; that the will provided that any contesting legatee or devisee should receive no portion of the estate, and that therefore Mary J. Farrand had no right of contest. These matters are entirely outside of the case presented. No one of them constituted a ground

of the motion. No one of them was considered by the court, which, as has been said, based its decree of dismissal upon the sole ground of motion made by respondent,—namely, that the right of contest died with the contestant, and to this proposition we now come.

The ·proving or disproving of wills was not known to the common law. Under a will disposing of realty the devisee entered into possession and defended his possession by the will, as a muniment of title. Where the disposition was of personalty, the ecclesiastical courts took jurisdiction and the will was proved either in common or in solemn form. The probate before the ecclesiastical courts, of a will disposing of realty, was not recognized as a muniment of title by the common-law courts. But again, the courts of chancery early and repeatedly declared that comprehensive as was their jurisdiction, it did not include the power to validate or invalidate wills. The necessary and inevitable result of this condition of the law and equity, was a multiplicity of suits and much circuity of action, in the endeavor to arrive at the truth, and to establish justice. It was recognized that a simplified procedure was imperative, and out of this recognition have grown our laws for the proof and disproof of wills and the administration of the estates of deceased, dying with or without wills. We, therefore, have our proceedings for proving wills and our proceedings for disproving or contesting them. The proceedings are special proceedings, unknown to the common law. The right of contest thus created by statute is the creature of the statute, being also unknown to the common law, and a contestant has such rights and only such rights as the law gives him. So much may at once be conceded and declared. Moreover, the proceeding in proof of a will, and so in disproof of a will, is a proceeding *in rem*. It is a proceeding to determine the legal *status* of a written instrument; the world is bound by it; all parties in interest are or may be actors in it. (*State* v. *McGlynn*, 20 Cal. 233-270, [81 Am. Dec. 118]; 1 Cyc. 59.) Such in its general aspects is the nature of the proceeding for the contest of a will. Specifically our law provides (Code Civ. Proc., sec. 1327) that ''any person interested'' may contest a will which has been admitted to probate within one year thereafter. Upon what is the right of an heir or other person in interest to contest a will, fundamentally based? Manifestly upon the illegal

deprivation occasioned to him, the illegal loss to him of property or property rights, by giving recognition to an instrument depriving him of those rights, which instrument for one or another cause, is illegal, invalid, and void. While the mere expectancy of an heir is not usually regarded as property, the moment the ancestor has died, that expectancy is changed into a vested interest in property. It becomes thus vested by virtue of the death. If, then, those rights are destroyed or impaired by an instrument which, though in form a will, is not, for any reason recognized by the law, a valid instrument, clearly the heir is being stripped of his vested rights to property by a paper writing as iniquitous in its effect as though it were forged, as indeed it may be. The contest of a will therefore goes to establish upon the part of the contestant that his right to property has been violated. It is in all strictness such a right as the Civil Code declares upon in section 954 in the following language: ''A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner. Upon the death of the owner it passes to his personal representatives, except where, in the cases provided in the Code of Civil Procedure, it passes to his devisees or successor in office.''

Such then was the right which this contestant was seeking to enforce and establish at the time of her death. What are the legal consequences of that death? The question is answered by section 385 of the Code of Civil Procedure. ''An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.''

The section last above quoted does not attempt to define the causes of action which survive, but describes what proceedings shall follow the death or assignment of a cause of action which does survive and is assignable. It will not do to argue, as respondent does, that because the contest of a will is a

special probate proceeding section 385 of the Code of Civil Procedure is inapplicable. Section 1713 makes the provisions of part II of the code, in which section 385 is found, expressly applicable to all such special proceedings. Nor, as respondent seems to think, does section 1582 of the Code of Civil Procedure stand in the way of the maintenance of this contest by the representatives of the deceased contestant. That section expressly declares that actions for the recovery of any property, real or personal, or for the possession thereof, . . . or to determine any adverse claim thereon . . . may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates. Broadly speaking, a contest of a will is in its essence an action for the recovery of property unlawfully taken or about to be taken from the ownership of the contestant. But, aside from this consideration, the codes are to be construed together, and there is nothing in this language which is meant to limit the survivability or the assignability of such a chose in action. It is commonly said that assignability is the test of the survivability of a chose in action. It was at common law, but it is here idle to speculate upon what the common law might or would have done with this particular chose in action, since it did not exist at common law. It suffices to point out that the tendency of modern jurisprudence strongly favors the assignability and the survivability of things in action. As expounded by Professor Pomeroy in ''Remedies and Remedial Rights,'' sections 147-152: ''It is simply necessary to ascertain, and the sole principal difficulty consists in ascertaining, what particular torts are injuries, bodily or mental, to the person only, or to the reputation, and what particular contracts are purely personal, so that the right to enforce them, or the liability springing from them, does not survive after the death of the contracting party.'' By this court it has been said in *Rued* v. *Cooper*, 109 Cal. 682, [34 Pac. 98], quoting the syllabus: ''Assignability of things-in-action is now the rule; nonassignability the exception; and this exception is confined to wrongs done to the person, the reputation, or the feelings of the injured party, and to contracts of a purely personal nature, like promises of marriage.''

Upon reasoning based solely upon the provisions of our laws, it seems perfectly clear then that the statutory right

of contest gives to the original possessor of that right a chose in action which is assignable and which survives. It is a chose in action founded upon an attempt to divest, or a divestiture of the contestant of his property rights.

Going afield for the views of other courts upon the question, we find them in all the states, save one, in full accord with those which we have here expressed. It will be sufficient without quotation to cite *Crawfordsville Trust Co., Executor,* v. *Ramsey et al.,* 178 Ind. 258, [98 N. E. 177]; *Ingersoll* v. *Gourley,* 72 Wash 462, [130 Pac. 743]. In these two cases the courts of Indiana and Washington have discussed the question with elaboration and reviewed the authorities with care. Reference also may be made to *Carolan* v. *O'Donnell,* 141 App. Div. 463, [126 N. Y. Supp. 551]; *Brady* v. *McCosker,* 1 N. Y. 214; *Smith* v. *Bradstreet,* 16 Pick. (Mass.) 264; *Watson* v. *Alderson,* 146 Mo. 333, [69 Am. St. Rep. 615, 48 S. W. 478]; *Bloor* v. *Platt,* 78 Ohio St. 46, [14 Ann. Cas. 332, 84 N. E. 604]; *In re Langevin's Will,* 45 Minn. 429, [47 N. W. 1133]; *Davies* v. *Leete,* 111 Ky. 659, [64 S. W. 441]; *Savage* v. *Bowen,* 103 Va. 540, [49 S. E. 668]; *Rainey* v. *Ridgway,* 148 Ala. 524, [41 South. 632.]

But one state holds to the contrary doctrine—the state of Illinois—*Storrs* v. *St. Luke's Hospital,* 180 Ill. 368, [72 Am. St. Rep. 211, 54 N. E. 185]; *Straude* v. *Tscharner et al.,* 187 Ill. 19, [58 N. E. 317]; *Selden* v. *Illinois Trust and Savings Bank,* 239 Ill. 67, [130 Am. St. Rep. 180, 87 N. E. 860]. But the reasoning of the Illinois court in this regard is far from convincing and is certainly in opposition to the trend of modern decisions (1 Corpus Juris., p. 177), and to the mandate of section 4 of our Code of Civil Procedure, which dictates a liberal construction of all code provisions, to the end of promoting justice.

The order appealed from is reversed, with directions to the trial court to vacate its judgment dismissing the contest and to substitute in said contest for Mary J. Farrand, deceased, her personal representative, appellant herein.

Lorigan, J., and Melvin, J., concurred.