[Civ. No. 3113. Third Appellate District.—January 14, 1927.]

## MAGNUS E. LINDGREN et al., Appellants, v. C. S. WEAVER et al., Respondents.

[1] JUDGMENTS—CERTIORARI—APPEAL—FINDINGS—EVIDENCE.—In a proceeding in *certiorari* to review certain school district annexation proceedings where, after judgment has been rendered and entered in favor of defendants, and after the time to appeal from said judgment and from the orders denying plaintiffs' motions

for a new trial and to set aside said judgment and enter a
different judgment has expired, an appeal is taken from order
denying plaintiffs' subsequent motion to set aside the judgment on
the ground that it is void on its face, no inquiry can be made
as to the sufficiency of the proof to show either the regularity or
the legality of the acts involved in and leading up to the an-
nexation of the district in question.

[2] ID.—DEFECTIVE FINDINGS—ERRONEOUS JUDGMENT—COLLATERAL AT-
TACK.—The fact that the findings of a court of competent juris-
diction are defective or insufficient to support the judgment, or
are incorporated in the judgment itself, rather than in a separate
instrument, does not make the judgment impeachable collaterally;
and a merely erroneous judgment, by a court having jurisdiction
of the parties and of the subject matter cannot be impeached on
that ground, even though the error is apparent on the face of
the record.

[3] ID.—SUBSEQUENT ORDER—APPEAL.—In a proceeding in *certiorari* to
review certain school district annexation proceedings, where the
plaintiffs do not appeal from the judgment in favor of de-
fendants and from the order denying their motions for a new
trial and to set aside said judgment and enter a different judg-
ment, they have no right of appeal from the order denying their
subsequent motion to set aside said judgment on the ground that
it is void on its face.

(1) 4 **C. J.**, p. 688, n. 69, p. 689, n. 71.    (2) 34 **C. J.**, p. 555, n. 75,
p. 563, n. 29, 30.    (3) 3 **C. J.**, p. 525, n. 21.

APPEAL from an order of the Superior Court of Merced
County denying plaintiffs' motion to set aside a judgment.
Stanley Murray, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Griffin, Boone & Boone and Edward T. Taylor for Appel-
lants.

H. K. Landram and C. H. McCray for Respondents.

PLUMMER, J.—On the fourth day of December, 1924, the
plaintiffs filed their petition in the superior court of the
county of Merced praying judgment of said court reviewing,

2.  See 15 Cal. Jur. 83; 15 R. C. L. 862.
3.  See 2 Cal. Jur. 164.

setting aside, and annulling the actions of C. S. Weaver, as county superintendent of schools of the county of Merced, the trustees of Livingston School District, the trustees of Raisin School District and the board of supervisors of the county of Merced, which acts purported to lead to the union or merger of Livingston and Raisin schools districts, thereafter to be known as Livingston School District, the subsequent exclusion of said Livingston School District also comprising the territory formerly included in the Raisin School District from the Hilmar Colony Union High School District and the annexation of said territory to the Merced Union High School District.

The grounds upon which the merging, excluding, and uniting of said district are sought to be annulled consisted in allegations that proper notices were not given of the election, as required by the Political Code, of the proposed union or merger of the Livingston and Raisin School Districts, thereafter to be known as the Livingston School District; that proper notices were not given of the election for the proposed exclusion of the Livingston School District from the Hilmar Colony Union High School District and the annexation of the Livingston School District to the Merced Union High School District, and, further, that the exclusion of the Livingston School District, after having merged with it the territory formerly included in the Raisin School District from the Hilmar Colony Union High School District left said Hilmar Union High School District with an assessed valuation of property less than five million dollars.

Upon the filing of this petition a writ of review was issued, directed to the defendants requiring them to certify to the superior court, all and singular, the actions and proceedings relating to the matters involved, as just herein stated. Pursuant to this order, the defendants made full and complete returns of all and singular the proceedings taken and had and notices given in the matter of the merging or uniting of said two school districts and the exclusion of the territory comprising what was thereafter known as the Livingston School District from the Hilmar Union High School District and its union with the Merced High School District. Trial was had of the issues thus made up and on July 15, 1925, findings, conclusions of law, and judgment were filed by the trial court, and in which judgment it was

further adjudged and decreed that the proceedings of each and all of the defendants referred to were valid and the same were thereby affirmed.

On the seventeenth day of July, 1925, the plaintiffs served and filed a notice of intention to move for an order setting aside and vacating the judgment and decree herein referred to and to enter another and different judgment—a judgment annulling and declaring void the proceedings herein referred to, and at the same time filed a notice of intention to move for a new trial and an order vacating and setting aside the decision and judgment theretofore entered in this cause. These motions were by stipulation submitted for decision on August 3, 1925. Both motions were denied by the trial court and no appeal was ever taken by plaintiffs from the judgment, nor from the order denying the plaintiff's motion to vacate the judgment, correct the findings, and enter a judgment in favor of the plaintiffs.

Under the provisions of section 939 of the Code of Civil Procedure, the time for appealing from the order and judgment expired on the second day of November, 1925. On the twenty-seventh day of January, 1926, the plaintiffs in this action served and filed upon the defendants a notice of motion to set aside the judgment entered herein upon the following ground, to wit: ''That the judgment entered in the above-entitled action be vacated and set aside on the ground that it is void on its face.'' This motion was denied and on the sixteenth day of February, 1926, an appeal was taken therefrom to this court.

[1] From the recitals herein set forth, it is apparent that upon this appeal no inquiry can be made as to the sufficiency of the proof to show either the regularity or the legality of the acts of the inferior bodies involved in and leading up to the final annexation of the Livingston School District with the Merced Union High School District. The record before us shows the filing of a petition in a court having jurisdiction to hear and determine all the questions involved. The order was regularly made directing the certifying to the superior court of all the proceedings necessary to be reviewed in order to reach a final determination. Proofs were introduced, findings were made, conclusions of law drawn and judgment entered. The findings, conclusions of law, and judgment all appear to be included in one

instrument. The argument presented by appellants is all directed to the allegations that the actions of the inferior bodies were taken without sufficient and adequate notices thereof being first given and had. All these were matters of proof to be presented to the trial court and cannot be inquired into upon this appeal. **[2]** As said in 15 California Jurisprudence, page 83, "the fact that the findings are defective or insufficient to support the judgment, or are incorporated in the judgment itself, rather than in a separate instrument, does not make it impeachable collaterally. . . . It is obvious that a merely erroneous judgment cannot be collaterally impeached on that ground, even though the error is apparent on the face of the record. Where it is within the jurisdiction of the court to make an order, the order is not impeachable collaterally, however erroneously the court may have acted." These propositions of law are abundantly supported by the authorities there cited.

**[3]** There is another principle involved in this proceeding however, which precludes the prevailing of the plaintiffs upon this appeal. The appellants were all parties to the action in the trial court; they had their right of appeal from the order and judgment hereinbefore referred to. The question of the right to an appeal from an order refusing to vacate a judgment on the ground that it is void appears to have been squarely decided against the appellants in the *Matter of the Estate of Baker,* 170 Cal. 578 [150 Pac. 989], where a motion to dismiss an appeal was being considered. The court said in considering the question as to whether an appeal would lie: "Cases to this effect are cited, which need not here even be mentioned, for such indeed is the general rule. Otherwise, the losing litigant would have the right to one appeal which the law expressly gives, and the time of which it limits, which appeal must be a direct appeal from the order or judgment, and likewise another appeal from an order of the court, made at some indefinite future time refusing a motion to vacate the judgment. And, as upon such second appeal the appellant has the right to have the judgment reviewed not only for excess of jurisdiction, but also for error (*Elliott* v. *Supreme Court,* 144 Cal. 501 [103 Am. St. Rep. 102, 77 Pac. 1109]), the manifest result of the sanction of such a general practice

would be to declare that every unsuccessful litigant has two appeals, the time of one being fixed by law, the time of the other being fixed by his own convenience, after denial of his motion to vacate the judgment complained of. Hence the general rule and the reasons for it." (See, also, *In re Yoder,* 199 Cal. 699 [251 Pac. 205].)

Following this statement of the law, the exceptions to the rule are stated, which do not apply to this case. The exceptions there set forth relate to parties not having the right of appeal and who have not allowed their right to appeal to lapse by inaction. As said in 2 California Jurisprudence 164, "where there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of, under such circumstances that the motion merely calls upon the court to repeat or overrule the former ruling on the same facts. If the grounds upon which the party sought to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion. The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside. The reason for denying an appeal in the latter case is not because the order on the motion to vacate is not within the terms of section 963 of the code allowing appeals, for it may be, and indeed, an order refusing to vacate a final judgment is in its very nature a special order made after judgment, but because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the intent of the statute. A further reason is that the order on the motion is merely negative action of the court declining to disturb its first decision. The first decision being reviewable, the refusal to alter it any number of times will not make it less so." The law, as stated in the above quotation, is amply supported by authorities cited on the pages from which the quotation is taken. In *Bell* v. *Solomons,* 162 Cal. 105 [121 Pac. 377], it is said, "an order refusing to vacate a prior order or judgment from which an appeal may be

taken is not appealable unless there is a record which presents matters for consideration that could not be presented upon the appeal from the original order or judgment." Without referring to the authorities which we have cited holding that an appeal will not lie, the appellants cite the case of *People* v. *Harrison,* 84 Cal. 607 [24 Pac. 311], and a number of authorities holding, in effect, that a judgment absolutely void may be attacked anywhere, directly or collaterally, whenever it presents itself, either by parties or strangers. With these authorities we have no quarrel. The question before us is not the manner in which a void judgment may be attacked, but simply whether a party to an action having a right to appeal and present all the questions that may in anywise affect either the correctness or the legality of the judgment, can sit idly by until the time for an appeal has expired and then file and serve a notice of and make a motion to vacate the judgment, and then appeal therefrom, after having lost the right of appeal from the judgment. If this can be done, as in this case eighty-six days after the right to an appeal has been permitted to lapse, we see no reason why it cannot likewise be done six months, or any number of years thereafter. We think the authorities which we have cited clearly show that the right of appeal and the time therefor fixed in the codes cannot be extended in any such manner.

Under any view which we take of this case, the appellants cannot prevail, for it appears that the trial court had jurisdiction of the parties and the subject matter, and its judgment, even though glaringly erroneous, would not render it void, nor would its interpretation of the requirements of the law relative to giving notices by the inferior bodies, whose actions it was reviewing, render the judgment void, and, secondly, the plaintiffs, being parties to the action with the right of appeal, where full relief could be awarded by the court, if their contentions are correct, cannot extend their right of appeal by motions to vacate.

The order is affirmed.

Buck, J., *pro tem.,* and Finch, P. J., concurred.