MATEO ORTIZ, ETC., Plaintiff and Appellee, *v.* HEIRS OF ROQUE STELLA, Defendants and Appellants.

No. 6973. Argued March 4, 1935.—Decided March 8, 1935.

*T. Bernardini de la Huerta* for appellants. *González Fagundo* and *González, Jr.,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On February 7th last the District Court of Guayama in a civil suit for filiation brought before it by Mateo Ortiz

against the Heirs of Roque Stella, sustained a motion requesting the substitution of the plaintiff. The defendants felt aggrieved by that decision and appealed to this court; whereupon the plaintiff requested the dismissal of the appeal by a motion dated February 18. The hearing of this motion was held on March 4 with the appearance of counsel for both parties.

Two grounds are assigned in support of the dismissal sought, to wit: That the order of February 7, 1935, is not appealable, and that the appeal is frivolous. It will only be necessary to consider the first ground.

■■ We are not dealing here with an order denying the substitution, but with one granting it in the course of a pending suit before the court. It is true that the question itself was decided adversely to the contention of the defendants, but a similar decision would be made, for example, where a demurrer on the ground of plaintiff's lack of capacity to sue should be overruled, yet in such case the defendants would not be entitled to appeal directly and immediately.

An appeal may be taken from a final judgment in an action in special proceeding; from a judgment rendered by a district court on an appeal from an inferior court; from an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of venue; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property. Section 295, Code of Civil Procedure.

The appellants maintain that the order of February 7, 1935, is appealable as it was rendered in a special proceeding, such as, in their opinion, is the one established by section 69 of the Code of Civil Procedure, as follows:

"Art. 69.—An action or proceeding does not abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of

the death or any disability of a party, the court, on motion, may allow the action or proceeding, to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.''

In our opinion, the proceeding fixed by section 69 is not a special one within the purview of section 295 of the Code of Civil Procedure, which says: ''An appeal may be taken .... 1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered . . .'' That is simply one of the rules enacted in the Code in order that the courts may decide the various questions arising in the course of the proceedings brought before them.

''To be appealable under a statute in terms allowing appeals from an order in a special proceeding,'' says Corpus Juris, vol. 3, p. 543, ''the order must have been made in such a proceeding, otherwise the authority for an appeal, if it exists at all, must be found in some other statute. Such a statute does not apply to an order made on motion in an ordinary civil action, or to an order in any action or proceeding which is not a 'special proceeding' as defined by the statutes or decisions of the particular jurisdiction.''

We have examined the note to the text which cites forty-three cases of orders held to be appealable, and in none of them do we find the one we are now considering. The order indeed is reviewable on appeal, but that is done in the appeal that may be taken in due course from the judgment entered in the suit. Otherwise an undue multiplication of suits would arise. See *Fuentes* v. *Heirs of Pérez Sales*, 47 P.R.R._____.*

In support of the theory that an appealable order is involved, the defendants invoke the doctrine laid down by the Supreme Court of California in *Estate of Baker*, 170 Cal. 578. In our opinion that decision is not applicable herein. The situation arising from the facts of that case is

---

* NOTE.—For page number see "Table of Cases Cited in Opinions — Citations from Puerto Rico Reports," this volume.

quite distinct. A mere reference to the syllabus will suffice. It reads as follows:

"Where pending a contest to revoke the probate of a will filed by an heir at law, the contestant died, and on the day set for the hearing, it was called for trial, and the death of the contestant was made known to the court by her former attorneys, and the executor moved the court to dismiss the contest upon the sole ground that the right of action did not survive the contestant, which motion was granted, and at the time of the motion and the granting of the order, no administrator or executor of the contestant had been appointed, and no notice of the motion to dismiss was served upon the administrator, executor, or personal representative of the contestant, but about two months thereafter an administrator with the will annexed of her estate was duly appointed and he promptly served and filed a notice of motion for an order vacating and setting aside the judgment of dismissal of the contest, and for a substitution for the deceased contestant in the contest of himself as such administrator, which motion was denied, an appeal lies by said administrator from the latter order.

"While it is the general rule that no appeal lies from an order refusing to vacate an order or judgment, there are exceptions to said rule, where, to the end that justice may be done, one appeal is permitted from an order refusing to vacate a judgment or decree, when, for reasons involving no fault of the appealing party, he has never been given an opportunity to appeal directly from the judgment or decree. These are cases where one's rights or interests are injuriously affected by a judgment or by an appealable order in litigation to which he is not formally a party, or in which, if a party, he has not received due notice, so that as to him the judgment or appealable order is made *ex parte*. In such cases it is always permissible for the one injured to make himself a party to the litigation, if he has not been a party, and after he has thus submitted to the jurisdiction of the court, to move the vacation of the decree or appealable order injuriously affecting his interest, and to appeal if the motion be denied. The same right is open to one who is a party to litigation and against whom such an order or decree has been given improperly and *ex parte*. These cases, of course, arise when the motions are made after the time limited by law for the appeal has expired.

"The order of dismissal in such a case was strictly, in its effect, an order refusing to revoke the probate of a will, and a decree re-

fusing to revoke the probate of a will is an appealable order under section 963 of the Code of Civil Procedure."

As the order appealed from is not appealable, appellee's motion must be sustained and the appeal therefore dismissed.