Filed 3/7/23  Haffner v. Perez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| ROSEMARY HAFFNER,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>FERNANDO PEREZ, JR.,<br>Individually and as Trustee, etc.,<br><br>          Defendant and Respondent. | A163564<br><br>(Contra Costa County<br>Super. Ct. No. MSP18-00394) |

Rosemary Haffner seeks to appeal from a probate court order denying her motion under Code of Civil Procedure section 473, subdivision (b), to vacate a judgment.  Because the challenged order is not appealable, we dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2018, Haffner filed a petition in the probate court seeking, among other things, to determine the validity of certain amendments to a trust established by her deceased father.  Trial was set for February 10, 2020.[1]  In January, the trial was continued to April 6 in response to a request by Haffner that was based on a declaration from her counsel, John Browne, concerning his medical condition.

---

[1] Subsequent dates are in 2020 unless otherwise stated.

1

The April trial date was continued as a result of court closure for COVID. In July, trial was set for October 28.

On October 14, Haffner filed an ex parte application for continuance on the ground that Browne was unavailable because of illness and needed time to obtain replacement counsel. The probate court denied the application.

On October 27, the day before trial, respondent's counsel executed a declaration stating that he had not received Haffner's exhibit list, exhibits, witness list or trial brief as required by the probate court's pretrial order and that Browne had "rebuffed [his] efforts to meet and confer" regarding stipulations of fact.

When the case was called for trial on the afternoon of October 28, neither Haffner nor Browne was present. The probate court granted respondent's request to dismiss the petition without prejudice for failure of petitioner to appear, as authorized by subdivision (b) of section 581 of the Code of Civil Procedure.[2] A written order was entered in November dismissing Haffner's petition without prejudice and imposing the monetary sanctions on Haffner and Browne. No appeal was taken.

In February 2021, Haffner moved to vacate the dismissal under section 473, subdivision (b), on the grounds of excusable neglect or, in the alternative, attorney fault. The motion was supported by an eight-page declaration from Browne. The probate court denied the motion, and Haffner filed a notice of appeal in September.

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

## DISCUSSION

Appeals in probate matters are limited to the orders and judgments specified in the Probate Code, and the Probate Code does not specify statutory motions to vacate as appealable. (Prob. Code, §§ 1300, 1304; *Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575-576 (*Kalenian*).) Our Supreme Court explained, referring to former section 1240 of the Probate Code, "[T]he Probate Code specifies the orders and judgment in probate from which an appeal will lie, and an order denying relief under section 473 . . . is not one of the orders so specified." (*In re Estate of O'Dea* (1940) 15 Cal.2d 637, 638 (*O'Dea*); see *In re Conservatorship of Harvey* (1970) 3 Cal.3d 646, 652 [citing *O'Dea* in support of holding that order denying motion to vacate is not appealable in probate matter].)

In *In re Estate of Baker* (1915) 170 Cal. 578 (*Baker*), our Supreme Court recognized a narrow exception to the general rule that appeals in probate matters are limited to those orders and judgments specified in the Probate Code. Under the *Baker* exception, an order denying a motion to vacate an appealable judgment or order is itself appealable "when, for reasons involving no fault of the appealing party, he has never been given an opportunity to appeal directly from the judgment or decree" he seeks to vacate. (*Id.* at p. 582.) Haffner argues that the exception applies to her case, but we are not persuaded.

In *Baker*, the decedent's sister filed a contest of the will, and died before the trial. (*Baker*, *supra*, 170 Cal. at p. 581.) Before a personal representative was appointed for the contestant, the probate court granted a motion brought by the executor of the will to dismiss the contest. (*Ibid.*) About two months later, an administrator was appointed for the contestant's estate, and sought to vacate the dismissal. (*Ibid.*) The probate court denied

3

the motion and the administrator appealed. (*Ibid.*) The Supreme Court held that the order denying the motion to vacate was appealable because the underlying order was appealable and at the time it was made "no person in existence could appeal from it" because the contestant was dead, the authority of her attorneys had ceased with her death, and no personal representative had been appointed for her. (*Id.* at pp. 583-584.)

The crucial fact about *Baker* and the decisions following it "is that an appealable judgment [has been] entered ex parte with no notice to the appealing party. And such an order issued without notice to the appealing party necessitates the filing of a motion to set aside the judgment which is deemed appealable." (*Kalenian, supra*, 225 Cal.App.4th at p. 578.) Thus, our Supreme Court held in *O'Dea* that the *Baker* exception did not apply when the parties seeking to appeal the denial of a motion to vacate brought under section 473 had appeared at the trial where the probate court made an order of dismissal and nonsuit against them. (*O'Dea, supra*, 15 Cal.2d at pp. 638, 639-640.) In *O'Dea* the Supreme Court explained that "[t]he peculiar and unusual situation arising out of the facts in [*Baker*] does not lay down any general exception" to the rule that appeals in probate matters are limited to the orders and judgments specified in the Probate Code; to the contrary *Baker* "should be construed with relation to the facts of that case, and confined to cases of similar import." (*Id.* at p. 639.) The facts in *O'Dea* had "no similarity to those in" *Baker*, and therefore *Baker* was not controlling. (*Id.* at pp. 639-634.)

As was the case in *O'Dea*, the facts here are unlike those in *Baker*. Although Haffner did not appear at the October 28 trial, her situation is different from the appellant in *Baker* because Haffner was a party to the proceeding when the probate court issued its dismissal, had notice of the trial

4

date, and received notice of the dismissal order that she sought to set aside, as reflected in her payment of sanctions imposed on her and her filing a motion to tax costs. In these circumstances, the *Baker* exception does not apply, and accordingly the order denying Haffner's motion to vacate is not appealable.

Haffner makes a conclusory argument that the facts of her case are similar to *Baker* because attorney Browne was somehow "disabled from appropriately responding to" the dismissal by filing an appeal, just as the contestant's attorneys were unable to file an appeal from the dismissal in *Baker*. The argument is meritless. In *Baker*, the contestant's attorneys could not appeal because they had no client, and therefore no authority to appeal. (*Baker*, *supra*, 170 Cal. at p. 584.) That is not the situation here. Further, Browne's disability demonstrably did not prevent him from responding appropriately to the dismissal insofar as he paid the sanctions imposed against him and filed a motion to tax costs.

Haffner argues that we should treat her appeal as a writ petition if we conclude that the order she challenges is not appealable. Respondent opposes treating the appeal as a writ, and asks us to dismiss the appeal. We have the discretion to treat a purported appeal as a petition for writ of mandate where the record and briefs include the elements necessary for a writ proceeding and where the trial court would be only a nominal party, but we do so only in "unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) We decline to treat this appeal as a writ petition because there are no such circumstances here, particularly in view of the fact that Haffner has filed a separate writ petition seeking review of the same order that is the subject of her appeal. (*Haffner v. Superior Court*, Case No. A164341.) The writ petition will be addressed separately.

5

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.

_____

                                    Miller, J.


WE CONCUR:


_____

Richman, Acting P.J.


_____

Markman, J.*


A163564, *Haffner v. Perez*

---

* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.