Filed 4/18/23  Marriage of Nadjafinia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of PENINA AND SAJON KAVEH NADJAFINIA. | |
| PENINA NADJAFINIA, | E077183 |
| Respondent, | (Super. Ct. No. FAMSS2001924) |
| v. | OPINION |
| SAJON KAVEH NADJAFINIA, | |
| Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Dismissed.

Sajon Kaveh Nadjafinia, in pro. per. for Appellant.

The Law Office of Lauren Laundis and Laruen Laundis, for Respondent.

1

## I.

## INTRODUCTION

In this marriage dissolution action, appellant Savon Kaveh Nadjafinia, proceeding in pro. per., appeals the family court's order finding that a house is the separate property of wife, respondent Penina Nadjafinia, not community property. We conclude the order is not appealable and dismiss the appeal.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, before the parties married, Penina's parents gifted her a home on Sage Drive in Loma Linda by grant deed. Only Penina was on the deed because her parents wanted no one else on it. Penina added Sajon to the deed a few months later so that they could use the property as collateral for a loan. The bank would not give them the loan unless Sajon was added to the deed. They then used that loan to fund another loan in 2006, which resulted in a mortgage lien on the property.

Shortly after taking out the loan in 2006, Penina and Sajon got married. About a year later, they took out another loan, which placed a second lien on the property. At the time of the divorce proceedings, the property was encumbered with a mortgage of over $437,000.

Penina petitioned for divorce in 2020. Sajon asked the family court to determine whether the Sage Drive house was community property, as he argued, or Penina's separate property, as she argued. The family court held a hearing limited to deciding that

2

issue. After receiving testimony, evidence, and argument from the parties, the family court ruled that the Sage Drive house is Penina's separate property. Sajon appealed.

III.

DISCUSSION

Penina argues Sajon's appeal should be dismissed because the family court's order finding that the Sage Drive house is her separate property is not appealable. We agree.

Sajon argues the order is appealable under Code of Civil Procedure section 904.1, subdivisions (a)(9) and (a)(10). Neither provision applies here.

Code of Civil Procedure section 904.1, subdivision (a)(9) provides that an appeal may be taken from "an interlocutory *judgment* in *an action for partition* determining the rights and interests of the respective parties and directing partition to be made." (Italics added.) There is no judgment, nor is this case an action for partition, so this section is inapplicable.

Sajon contends Code of Civil Procedure section 904.1, subdivision (a)(9) "makes appealable all orders providing for the delivery of possession or conveyance of real estate." In support, Sajon cites *Williams v. Wells Fargo Bank & Union Trust Co.* (1941) 17 Cal.2d 104, 106, and *Gordan v. Graham* (1908) 153 Cal. 297, 299-300. Neither case supports him.

*Williams*, was "a partition action" where the trial court entered an order that "determine[d] the ownership of the real property involved and describe[d] it as that 'herein ordered and adjudged to be partitioned and for the purpose of such

3

partitionment . . . ordered and directed to be sold.'"  In other words, the order finally adjudicated the parties' rights to the property.  (See *Williams v. Wells Fargo Bank & Union Trust Co*, *supra*, 17 Cal.2d.)

*Gordan* was also "an action for partition" where the trial court ruled that the petitioner was a one-third tenant in common of a property, but ordered it to be sold and directed the petitioner to vacate the premises.  (*Gordan v. Graham*, *supra*, 153 Cal. at p. 298.)  Our Supreme Court held that an "interlocutory order directing a sale [of real property] is to be regarded as a final judgment."  (*Id*. at p. 299.)

In this marriage dissolution action, however, the family court expressly contemplated further proceedings concerning the Sage Drive property and the parties' mortgage on it.  The court did not direct its sale or finally determine the parties' rights to the property.  The family court noted that Sajon might be entitled to offsets due to the improvements he made on the property and that the "house is subject to a *Marsden*."[1]  The court thus did not "mak[e] any orders regarding the actual mortgage or offsets" because the court was "not sure how the calculations will end up coming out."  The family court's order is therefore not appealable under section 904.1, subdivision (a)(9) as an interlocutory judgment, because it did not finally resolve the parties' rights to the Sage Drive property and its mortgage.  (See *In re Marriage of Skelley* (1976) 18 Cal.3d 365,

---

[1] The "*Moore/Marsden* rule" provides that "[w]hen community property is used to reduce the principal balance of a mortgage on one spouse's separate property, the community acquires a pro tanto interest in the property."  (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1421-1422.

4

368; *Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 602 [partnership partition order not appealable because it contemplated further proceedings on accounting, dissolution, and partition].)

Nor is the order appealable under Code of Civil Procedure section 904.1, subdivision (a)(10). That provision provides that an appeal may be taken "an order made appealable by the Probate Code or the Family Code." Sajon argues, without explanation, that the family court's order is appealable under Family Code section 2555. That provision states in full: "The disposition of the community estate, as provided in this division, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court." The statute states that it is applicable to those provisions under "this division." "[T]his division" refers to Division 7 of the Family Code concerning division of property. In short, Family Code section 2555 grants the appellate court the authority to revise the disposition of community property, but it does not confer or expand appellate jurisdiction. (See *In re Marriage of Mohler* (2020) 47 Cal.App.5th 788, 797.) Sajon cites no authority to support his position that the statute provides appellate jurisdiction here, and we are unaware of any.

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292.) As the appellant, Sajon bears the burden of proving that the family court's order is appealable. (Cal. Rules of Court, rule 8.204(a)(2)(B); *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 557.) He has

failed to do so.  Because there is no appealable order, we must dismiss Sajon's appeal.

(*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.)

IV.

DISPOSITION

Sajon's appeal is dismissed.  Penina may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
Acting P. J.

We concur:

<u>SLOUGH</u>
J.

<u>RAPHAEL</u>
J.

6