45 429<br>71 244

In the Matter of the Last Will of EDWARD LANGEVIN.

## February 16, 1891.

**Will—Right of Judgment Creditor of Heir to Contest Probate.—The**
creditor in a judgment against the heir of one dying seised of real estate,
which, in the absence of a will, would pass to his heir, has an interest
that entitles him to contest the probate of a proposed will of deceased,
which, if probated, will defeat the lien of his judgment.

*Certiorari,* to review an order of the probate court of Ramsey county, overruling and striking from the files the objections interposed by the relator, Charles W. Youngman, to the allowance of an instrument offered for probate as the last will of Edward Langevin.

*Young & Lightner,* for relator.

*J. L. Macdonald,* for respondent.

GILFILLAN, C. J.[1]  In September, 1890, Edward Langevin died seised of a large amount of real estate in the county of Ramsey, and

---

[1] Vanderburgh, J., took no part in this decision.

leaving a son, George W. Langevin. In April, 1889, and also in September, 1889, C. W. Youngman recovered judgments against the son in the district court of said county, which were docketed at the times of rendition so as to become liens on all the real estate the son might have or thereafter acquire in the county. In October, 1890, the widow of Edward filed in the probate court of said county what purported to be the last will and testament of Edward, which devised all his real property to others than George W., and asked to have the same proved and allowed as such last will and testament. Youngman appeared and filed objections to the allowance of the instrument, on the ground of undue influence in procuring its execution by others than George W., and that Edward had not capacity to make a will. The sole question now involved is his right to contest the allowance of the will. "All persons interested" may contest the probate of a will. Laws 1889, c. 46, § 28. The probate is conclusive of its due execution. Section 31. The interest which shall entitle one to oppose the will must be an interest in the real estate to be affected by it, which the law will recognize. A general creditor of an heir has no interest in the real estate falling to the heir, though his ability to collect his claim might be thereby increased. But he has no vested right, claim, or interest, to be established or defeated by the probate or rejection of the will. But the case of a judgment creditor of an heir is different. If the deceased left no will, the judgments of Youngman became at once liens on the heir's share of the real estate. The probate of a spurious will would conclusively unseat the liens. So that, if this will be proved, it will defeat his liens; if rejected, it will establish them. This right to resist the probate is not materially different in principle from that of a judgment creditor to assail a prior forged or fraudulent deed, apparently conveying the lands of the judgment debtor. A judgment creditor has always a right to assail or defend against anything which may divest his lien. See *Smith* v. *Bradstreet*, 16 Pick. 264. The action of the probate court on Youngman's objections is quashed, and that court will allow him to contest the will on those objections.