Swing, J.
This is a ease for the contest of the will of Virginia C. Taylor, and is submitted to me upon a demurrer to the petition. It appears that Virginia C. Taylor died leaving two sons, George S. Taylor and David II. Taylor, to whom was devised her personal property only. After the death of Virginia C. Taylor and after her will was submitted to- probate, the said David Ii. Taylor died, and one of his children, said Isabelle Taylor, brought action to contest the will of the said Virginia C. Taylor, the suit being commenced within two years after the probate of the will. The cpiestion raised by the demurrer is whether the child or children of David II. Taylor are entitled by law to maintain an action for the contest of said will. It is claimed by counsel for the defendants, representing the demurrer, that the right to contest the will after it is admitted to probate is in persons interested in the will at the time of the probate, and that it does not pass by descent to the heirs of such person if he should die without commencing the suit. The statute of Ohio authorizing the contest of wills is as follows (Revised Statutes, Section 5858) :
“[Any person interested may contest will or codicil. A person interested, -in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest *324 the validity thereof in a civil action in the court of common pleas of the county in ivhich such probale was had.”
Section 5866, Revised Statutes, provides further as follows:
“[Contest of will-, limitation. An action to contest a will or codicil shall be brought ivilhin two years after the same has been admitted to probate, but persons within the age of minority, or of unsound mind, or imprisoned, may bring such action within two years after such disability is removed. ’ ’
In Page on Wills, Section 325, page 381, it is said:
“It is held that the right to contest does oiot survive where a party who had a right to contest dies before suit is brought. In this case, the party having the right to contest was non compos mentis after the testator died, and he died after the time for contest had elapsed, although the statute made an exception in his favor, and it was held that neither his heirs nor his administrators could contest.”
It is further said:
“And where a contestant died after suit was brought, the court assumed, rather than expressly decided, that the action would survive, discussing at length the necessity of giving the heirs notice, and deciding such notice need not be given. ’ ’
Reference is made by Page to the case of Storrs v. St. Luke’s Hospital, 180 Ill., 368, in which case it was held in the syllabus as follows:
“ [Parlies. Who not entitled to file bill to set aside will and its probate.] A person not directly and pecuniarily interested in the estate of a deceased person at the lime of the probate of the will of the decedent is not entitled to file a bill in equity to set aside the will and the probate thereof.
“ [Bights and remedies.] The right to file a bill to contest a will is personal. The right to file a bill to set aside a will and its probate is not assignable, nor does it pass to the heir by descent or inheritance.”
In the opinion, page 371, the statute of Illinois is quoted as follows:
“Provided, however, that if any person interested shall within three years of the probate of such will appear and by his or her bill in chancery contest the validity of the same, an issue at *325 law shall lie made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury, and if no- such person shall appear within the time aforesaid the probate as aforesaid shall be forever .binding and conclusive on all the parties concerned, saving to infants, femes covert, persons absent "from the state and non compos mentis, for a like period after the removal of their respective disabilities.”
That was an act of the Legislature of Illinois passed in 1872. It is said in the case that in 1895 the Legislature amended the act, and by the amendment substituted a period of two years for the period of three years, and omitted the words “femes covert” and “persons absent from the state.”
It will be seen that the statute of Illinois is substantially like our own. By the statute of Illinois “any person interested” may institute a suit to contest a will within three (3) years after the probate of any such ivill.” By the Ohio statute, Section 5858, a person interested in a will or codicil admitted to probate in the probate^court or court of common pleas on, appeal, may contest the validity thereof in a civil action in the court of common pleas-in the county in tuhich such probzte ivas had. It is clear that a suit to contest may only be commenced by a person interested, and after the probate of the will. Section 5866 provides that an action to contest “must be brought ivithin two years after the same has been admitted to probate.”
In the opinion, pages 372 and 373, the court say:
“The appearance within the time limit (that is, the appearance of the person to contest), is a jurisdictional fact, and is necessary to put the machinery of the court in motion so as to contest the validity of the will. The proviso of Section 3 is merely a ground of jurisdiction to be exercised only in case it is invoked within the time limit and not a limitation upon the exercise of the jurisdictional ground already existing. In other words, the statute fixing the time within which a bill may be filed by any person interested is not a limitation of the law. Luther v. Luther, 122 Ill., 528; Wheeler v. Wheeler, 134 Ill., 146; Jele v. Leimberger, 103 Ill., 338; Spaulding v. White, 173 Ill., 127; Summitt v. Bowman, 151 Ill., 146.
The court further say:
“In considering the statute we have also held that the words ‘any person interested’ as used in the proviso to said Section 7, *326 mean those persons who are interested in the settlement of the estate. That is to say, those who will be directly affected in a pecuniary sense by its settlement. That the interest must be a direct pecuniary interest affected by ihe probate of the will, as the reference is to an existing interest and not to an interest which may be subsequently acquired. A person not directly and pecuniarily interested in the estate of a deceased person at ihe time of the probate of ihe will of such decedent is not entitled io file a 'bill in chancery, for the purpose of contesting the will. (McDonald v. White, 130 Ill., 493; Jele v. Leimberger, supra).”'
The decision in Storrs v. St. Luke’s Hospital affirmed the decision of the Illinois appellate court. (Same case, Vol. 75, page 152). In that case the syllabus was as follows:
‘ ‘ The jurisdiction of chancery in the contest of a will is statutory, and the statute must be strictly construed. It is not a. statute of limitation concerning a new right or privilege which did not exist before its passage, and unless ihe bill is filed tuithin three years 'of the probate of ihe will, or such filing excused by the letter of the statute, the court has no jurisdiction.”
Second. “{Who may contest by bill in chancery.] The privilege to contest a will by bill in chancery is given only to persons interested, which this court holds must be persons who were directly interested at ihe time of ihe probate, or who became interested either within three years of the probate or within the time allowed to persons under disability under the saving clause of the statute. ’ ’
Third. “The right io contest a will by bill in chancery is a personal privilege in which ihe person io whom it is given or some one in his behalf must act, and does not descend io his heirs or survive to his administrator.”
In Jele v. Leimberger, 163 Ill., page 338, it is said in the opinion, on page 345:
“The right given by the statute to contest by a bill in chancery the validity of a will is a right that is not necessarily confined to heirs at law, for the right is given to any person interested. It may embrace a devisee as well as an heir at law. (Wolf v. Bollinger, 62 Ill., 368).”
In the same case, page 344, it is said:
*327 “Under the general equity powers of a court of chancery and independently of statutes a bill will not lie to set aside a will or its probate.” (Gaines v. Fuentes, 92 U. S., 10. Also, Luther v. Luther, 122 Ill., 558).
In McDonald v. White, 130 Ill., 493, the court say in the opinion:
“The interest must be a direct pecuniary interest affected by the probate of the will, for the reference is to an existing interest and not to an interest ivhich may be subsequently ac-. quired, since in that event, the language would have been: ‘If any one who shall within three years be interested and appear and by his or her bill in chancery, etc.’ That this is the correct meaning of the words is very manifest by reference to Section 14 of the same chapter, wherein it is provided that appeals may be taken from the order of the county court allowing or disallowing any will to probate to the circuit court of the same county by any person interested in such will, in the same time and manner as appeals may be taken from justices of the peace, etc. It is impossible in the very nature of things that others than parlies interested in the will at the time of probate can here be intended, but yet precisely the same reasons exist why the Legislature should restrict the right of contest under Section 7 as the right of appeal under Section 14. Appellants were not interested and they were deprived of nothing by it. Their interest was derived by purchase long subsequent to the probate of the will, and is therefore not such as is within the contemplation of the statute. Moreover James M. McDonald never had possession of this property. He never had any apparent" title to it. At most all that he had was the bare right to establish title by successfully contesting this will, but such right is not assignable and can not therefore be the subject of-a conveyance. (Norton v. Tuttle et al, 60 Ill., 130.)”
In the syllabus in McDonald v. White it is said:
“[Probate of ivill. Who may.] A person not pecuniarily interested in the estate of a deceased person at the lime of the probate of the will of such decedent is not entitled to file a bill in chancery for the purpose of contesting the will. A purchaser after the probate of such will can not maintain such bill.”
In Norton v. Tuttle et al, 60 Ill., 130, the court cites Story’s Equity Jurisprudence, Yol. 2, Sec. 1040c/, and Spence on Equity Jurisprudence, Yol. 2, 868, to the effect that the right to file a *328 bill in equity for a fraud on testator can not-be assigned, quoting from Spence as follows: “A right which can only produce property by means of successful litigation, is not a subject which, generally speaking, the court will recognize as property for the purposes now under consideration” (capability of assignment, etc.) The argument being that as the right to contest is not assignable it can not be inheritable.
In Lochard v. Stephenson, 120 Ala., 641, it is said in the .syllabus:
“First. In the statute providing that a will may be contested before probate thereof by any person interested therein or by any person, who, if the testator had died intestate would have been the heir or distributee of his estate, the ivords, ‘any person interested therein’ include only such persons as would take an interest in the estate of the testator %mder and by virtue of the provisions of the will.
“Second. Judgment creditors of a husband of the testatrix have not under the statute -(Code 1896, Sec. 4287) such an interest as gives them a right to contest the probate of the will of the testatrix by which a child is made the sole legatee and devisee, and the husband is deprived of his distributive share in the property of his wife.! ’
It is said in the opinion, page 645:
“If these creditors have any standing as parties interested, it must be by a theoretical substitution of the rights of the husband as one of the distributees in the estate of the wife, had she died intestate. Assuming that on a contest at the instance of the husband the will could be set aside, how can he be compelled to institute the carrying on such a contest. If the wife had tendered Mm as a gift either land or personalty, could his acceptance be compelled in the interest of creditors if he chose to decline the gif tí Both of these inquiries must be answered adversely to the appellant’s contention, and the fad that appellants might have a lien upon the property described in the will in the event the husband would contest it successfully, does not give them a legal right to coerce him to institute a contest, and his failure or refusal can not subrogate them to this right. ’ ’
In this case (Lockard v. Stephenson) the court, pages 646 and 647, refer to the 45 Minn., 429, In re Edward Langdon, where the contrary doctrine as to the right of a creditor seems *329 to have been held, 'and answer and distinguish the contention of the Supreme Court of Minnesota in that ease.*
In Bonnemort v. Gill, 167 Mass., 338, it was held that if after appeal from the decree of the probate court admitting to probate the last will one of the appellants who have identical interests dies, the court has jurisdiction to go on and adjudicate, but the court take pains to mention both in the syllabus and in the opinion as important, the fad of the death after the appeal; and in Page on "Wills above cited, mention of this fact is made.
The counsel for the plaintiff, Isabelle Taylor, says in his brief: “Under the statute in Ohio, the plaintiff in this case does not claim the right to contest this will by inheritance from her father.” So then it is not contended in this case that the right to contest can be'inherited from one interested at the time of the probate of the will and who died after the probate of the will, but it is claimed that it is héld in Wolf v. Powner, 30 O. S., 472, that the words, ‘ ‘ A person interested in a will, ’ ’ means any one who takes under the mil, or any one who would be an heir of the decedent if the will were declared invalid;' but that case does not appear to me to be in point. The case did not involve the question at issue in this case. “The controversy (to quote from the report of the ease) was as to the validity of a certain writing purporting to be the last will and testament of John Powner, Jr., deceased. The legal representatives of John Powner, Jr., deceased, who was the son of John Powner, Sr., claimed to be heirs at law, and interested in the estate of the supposed testator were plaintiffs and contestants, and among them was Caroline "Wolf, a daughter of John Powner, Jr., with whom her husband was joined. The other children of John Powner, Sr., who were the devisees and legatees of the supposed will, were made defendants. One of them, Simeon Powner, was appointed executor and had qualified accordingly; Ruth Bacon, a devisee and legatee, and her husband, John Bacon, were joined. The writing purports to dispose of all the real and personal *330 property of John Powner, Sr. Probate had been made of the instrument purporting to be the will, and its execution as well as the testamentary capacity of the testator were denied by the plaintiffs, and they also averred' it was the result of the dictation and undue influence of Simeon Powner, the executor named therein, and who was one of the principal devisees and legatees. The defendant’s answer makes the issue pursuant to the statute.” II is nowhere slaiecl that John Powner, Jr., survived the testator. It nowhere appears that Caroline Wolf, a daughter of John Powner, Jr., was not a person interested at the time of the probate of the mil. I cannot but infer the contrary from reading the case. The question arose as to the competency of Louis Wolf, the husband of Caroline Wolf, as a witness. The plaintiff called Louis Wolf as a witness, who, after being duly sworn testified that he was the husband of Caroline Wolf, one of the plaintiffs, and thereupon the plaintiff’s counsel asked Wolf the following question: “State whether you were acquainted with John Powner, the testator, prior to his death, and what opportunity did you have for knowing the condition of his mind at the time the will in controversy was made, and shortly before and shortly after.” Objection was made on the ground that Wolf was a party to the suit and the husband of said Caroline Wolf, which objection was sustained. Other questions were asked and the same objection made and sustained. The Supreme Court held it error to sustain the objection. They held that Wolf was not a real party to the action, saying on page 476:
”“AYe all concur in the opinion that the parties intended to be excluded from testifying by this section are the real and not merely as here, formal, nominal and wholly unnecessary parties. This section only prohibits a party from testifying in an action where the adverse party sustains certain relations or characters or comes within certain specified descriptions. He was a mere nominal party without any interest adverse to any of the real litigants. He was merely joined with his wife because of-her coverture.”
I am not able to find anything in the case of Wolf v. Powner, as I understand it, applicable to the ease at bar. But counsel for plaintiff cites the case of Meyers v. Barrow et al, 3 Ohio Cir *331 cuit, 91, in support of the right to maintain the action; but that ease does not seem to me to be exactly in point. It is said in the syllabus:
“An action to contest the will, which in the lifetime of the testatrix had been revoked by operation of law, and which after her death had been admitted to probate and record, may be maintained by those who, if the will is set aside, would be entitled after the termination of the life estate therein to the real estate thereby devised to-another.”
In the statement of facts in the opinion it is said:
‘ ‘ The plaintiff below, A. T. Barrow, and others filed a petition to contest the will of Maria Meyers, deceased. They allege they were brothers and sisters of said Maria, who was the wife of William II.' Meyers; that at the time of her death, on August 13, 1885, she was seized in fee simple of a tract of land which came to her by descent from her father; that on April 26, 1883, during her coverture with Meyers, she executed a will -by which she devised the whole of her estate to her husband, and that this will was admitted to probate by the probate court of this county, September 12, 1885.' The petition further alleges that at the time of the execution of this will she had no children living. On July 3, 1885, a child was born to her, which died September .1, 1885, a few weeks after the death of the mother, leaving the plaintiffs its only heirs at law, but no provision had ever been made for such child by any settlement, and it was not in any way provided for by said will — was not mentioned therein. Therefore, that it was revoked by the birth of the child, and the prayer was that it be set aside. ’1
It was claimed that the will was revoked by the birth of the child according to the Revised Statutes of Ohio, Section 5959.. The circuit court held, notwithstanding the death of the child, the plaintiffs, brothers and sisters of the testatrix and only heirs at law of the child, could maintain an action to contest the will, but the child died before the probate of the will. The testatrix died August 13,' 1885, the will was ad.mitted to probate September 12, 1885. The child had been born July 13, 1885, and died September 1, 1885, eleven days before the probate of the will. At the time of the death of the child the will had not become operative or effective. It only became so by being admitted to probate. The heirs at law of the child *332 were persons interested at the time of the probate of the will, and the only persons interested. This very distinction has been made in all the cases above cited, the words, “at the time of the probate of the will,” being in italics in the syllabus in the case of Storrs v. St. Luke’s Hospital, 190 Ill., 368.
Litlleforcl c@ Ballard, for plaintiffs.
Harry Hess, contra.
No authority has been submitted to me, and I have not been able to find any, contrary to those which I have so fully quoted in support of the proposition stated in the Storrs ease, and the other eases which I have cited.
I conclude, therefore, that the persons who are interested at the time of the probate of the will are the only persons entitled to contest the will, and if they do not choose to contest it while they live nobody else can do so. They may'or may not contest if they live. They might contest without good ground or they might choose not to contest although good ground might exist.
The demurrer will, for all the reasons heretofore urged, be sustained.

 Note. — I have not taken the pains to distinguish the case of Langerin, In re, 45 Minn., 429 (47 N. W. Rep., 1133) here, but have read it with care and think- it clearly distinguished from this case.