Donahue, J.
In support of the judgment under review, it is contended:
First. That under the provisions of Section 11235, General Code, the right to contest a will does not survive the death of the person entitled to bring such action.
Second. That a person authorized to contest the validity of a will by civil action in the common pleas court, under the provisions of Section 12079, General Code, must be a person interested in the will at the time it is admitted to probate.
Section 11235, General Code, provides that:
“In addition to the causes which survive at common law, the cause of action for mesne profits, or injuries to the person or property, of for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.”
In construing this statute, the court of appeals said in its opinion in this case:
“A will contest is a proceeding unknown to the common law, and the right could not, therefore, be a cause of action which would survive at common law.” . .
*101 It is wholly unimportant whether a will contest is or is not a proceeding unknown to the common law, for the principles of the common law readily adapt themselves to the changing nature of human affairs. Flandermeyer v. Cooper, 85 Ohio St., 327.
The language of Section 11235, General Code, is sufficiently clear and comprehensive to include all causes of action that survived under the rules and the principles of the common law, regardless of the fact that the common-law court was not the forum in which to bring such action.
Under the rule of the common law, the only causes of action that do not survive the death of either party are causes of action ex delicto. The right to contest a will is not a cause of action ex delicto, but comes clearly within the class that survives the death of either party, under the rule and the reason of the common law.
If there were any doubt whatever as to the proper construction of Section 11235, General Code, that doubt is wholly removed by Section 11397, General Code, which provides that:
“Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, or for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party.”
At common law all pending actions abated by the death of either party, regardless of the fact that the cause of action might survive. Where *102 the cause of action did survive, it was necessary to bring a new action.
The purpose of this section of our code is to prevent the useless annoyance, delay, cost and expense of bringing a new action where the cause of action survives. Certainly it was not the legislative intent that a pending action should not abate by the death of a party, where the cause of action does not survive his death. Such a construction would render the statute ridiculous. A pending action cannot survive the cause of action upon which the action itself is predicated.
Under the clear and unambiguous provisions of this section, if Anna Chilcote in her lifetime had commenced an action to contest this will, or such action had been commenced by some other interested person and was pending at the time of her death, it would not have abated by reason of her death, but could have been revived, as provided in Section 11402, General Code, in the name of her personal representative or successor in interest. If the cause of action did not survive Anna Chilcote, a revivor of the pending action would be a vain and useless performance and the statute providing that such an action shall not abate by the death of either party a colossal legislative blunder.
It is the duty of a court, however, when possible to do so, to construe a legislative enactment so as to give intelligent purpose to its provisions. There is no construction that will give such intelligent purpose to this statute other than the construction that the cause of action does survive in all cases *103 where a pending action does not abate by the death of either party.
That this was the intention and purpose of the legislature is clearly evidenced by subsequent sections in the same chapter relating to revivor of actions, in which sections, particularly Sections 11399 and 11400, General Code, the right to revive is predicated upon the survival of the cause of action.
In the state of Washington, the statute (Code Section 193) specifically provides that no action shall abate by death of the party, if the cause of action survive. In the case of Ingersoll, Admr., v. Gourley, Exr., 72 Wash., 462, the plaintiff in an action to contest a will died while the action was pending, and upon motion to revive the court held:
“The right to contest a will survives to the heirs or personal representatives of the heir of a putative testator, under Rem. & Bal. Code, §1307, conferring the right to contest on ‘any person interested.’"
In the case of Burnett v. Milnes et al., 148 Ind., 230, it was held:
“A husband and daughter of a devisee who dies after commencing an action to set aside, for fraud, a judgment refusing to admit the will to probate, have such interest, as the heirs of such plaintiff, as make them proper parties plaintiff after her death.”
In the case of Burnett v. Milnes et al., 148 Ind., (1 N. Y.), 214, it was held:
“Where a party, claiming an estate by inheritance, files a bill for the purpose of setting aside *104 a will, and dies pending the suit, his devisee may file an original bill in the nature of a bill of revivor and supplement, and if his rights as devisee be admitted or established, he will be entitled to the benefit of the proceedings in the original suit.”
The same conclusion was reached in the case of Van Alen, Exr., v. Hewins et al., 5 Hun, 44.
It is clear for other reasons, however, that this cause of action does not come within that class and character of causes of action which under the rules of the common law do not survive the death of either party, regardless of whether it existed in favor of or against the deceased.
If this were such a cause of action, then if the sole legatee or devisee named in a will should die the right to contest the will would die with him. Certainly this is not the law of Ohio. The death of the sole legatee or devisee, or of all of them, if there be more than one, cannot defeat the right of an heir at law or other interested party to bring and maintain such an action. If, then, the right to contest a will survives the death of the party liable thereto, it necessarily follows that it must survive the death of the party in whose favor it existed, unless, under our statutes, the right to contest the validity of a will is not a property right but merely a personal privilege, conferred by statute on a particular person, that perishes with the death of that individual.
Section 12079, General Code, provides:
“A person interested in a will or codicil admitted to probate in a probate court, or court of common pleas on appeal, may contest its validity by a civil *105 action in the common pleas court of the county in which such probate was had.”
A “person interested,” within the contemplation of this statute, undoubtedly means a person who has such a direct, pecuniary interest in the devolution of the testator’s estate, as would be impaired or defeated by the will, or be benefited by setting it aside. Bloor v. Platt et al., 78 Ohio St., 46.
One who has a mere sentimental but no pecuniary interest cannot bring or maintain a suit to contest the validity of a will. It is therefore clear that this is a property right and not a mere personal privilege. This question, however, is no longer an open one in Ohio. In the case of Bloor v. Platt et al., supra, this court held that “A judgment creditor of an heir, who has obtained a lien by levy on property, which in the absence of a will would be the property of the debtor heir by descent, is a person interested in the will or codicil, within the meaning of Section 5858 Revised Statutes [Section 12079, General Code], and therefore has legal capacity to prosecute an action .to contest the validity of an alleged will disposing of such property to a person other' than such heir.”
To the same effect is the doctrine announced in the case of Savage v. Bowen, 103 Va., 540, in which case it was held that “The grantee of a sole heir at law may file a bill against the devisees under an alleged will of an ancestor to contest the validity of the alleged will.”
In the opinion in that case, it is said, at page 543 : “George L. Savage, as heir of Ann C. Savage, *106 would have had the right to impeach'the will, and no reason is perceived why those claiming under and through him are not entitled to his rights in that respect.”
Assignees of legatées may also contest. Thompson on Wills, Section 518, and Borland on Wills, Section 74.
In the case of the Estate of Engle, 124 Cal., 292, it was held that the assignee of a part of the interest of a nonresident sole devisee was a person interested in the will within the meaning of that term as used in Section 1323 of the Code of Civil Procedure of that state.
In the case of Bowers v. M’Gavock, Admx., 114 Tenn. (6 Cates), 438, it was held that the heirs and distributees of an heir, cannot contest where the heir had refused to do so and sought the execution of the will. This conclusion was reached, however, upon the principle of estoppel, the court recognizing the right of the heirs and distributees of the heir of the putative testator to maintain such an action in a proper case.
It is admitted in this case that the children of Anna Chilcote have a direct pecuniary interest in the estate of John Hoffman, deceased, if the instrument admitted to probate is not a valid will, and that they had such interest at the time of the commencement of this action. It must also be admitted that if this action had been brought by an heir at law of John Hoffman, after the death of Anna Chilcote, these children would have been interested persons within the meaning of that term as used in Section 12080, General Code, and necessary *107 parties to the suit. Had such a suit been brought, and an issue made up under the order of the court as provided by statute, they would have been entitled to a determination of that issue by a jury, although nominally defendants to the suit. Walker v. Walker, 14 Ohio St., 157.
It is insisted, however, that they were not interested persons at the time the will of John Hoffman was admitted to probate, and for that reason cannot maintain this action. Section 12079, General Code, contains no such words of limitation, and we perceive no reason why a court should read that language into this statute.
The supreme court of Illinois, in construing a statute very similar to our own, held that an action to contest a will cannot be brought by any person who was not directly and pecuniarily interested in the estate of the deceased person at the time of the probate of the will of the decedent. (Storrs v. St. Luke's Hospital, 180 Ill, 368.) This construction has been followed by some of the lower courts of this state.
The reasoning in support of this conclusion, however, apparently overlooks the primary fact that the right to contest a will, conferred by the statutes upon one who has a direct and pecuniary interest therein, is a property right, and not a mere personal privilege. Village of Cardington v. Admr. of Fredericks, 46 Ohio St., 442, and Bloor v. Platt et al., supra.
This is a remedial statute, and must receive a liberal interpretation.
*108 It is conceded that had Anna Chilcote died after the death of John Hoffman, but prior to the time this instrument purporting to be his will was admitted to probate, these children would be interested parties at the time of the probate, within the contemplation of Section 12079, General Code; yet in such event, their interest in John Hoffman’s estate would not be different in any respect than it was at the time they commenced this action. True, the statute of limitation commenced to run during the lifetime of Anna Chilcote. It is also true that she might have estopped herself and all persons claiming under and through her from bringing an action to contest this will. Nevertheless, at the time of her death, her heirs succeeded to whatever rights and interest she had in this estate, including the right to bring and maintain an action to contest the will of John Hoffman, deceased. As her successors in interest, they are “persons interested” in his will, within the meaning of the statute.
In In re Siebs' Estate, 70 Wash., 374, the will of Dorothy Drury Siebs was admitted to probate May 5, 1902. Her sole heir, William C. Drury, was then alive. He died six years later. George W. Drury, the heir at law of William C. Drury, brought an action to contest the will of Mrs. Siebs seven years after its probate, and ten months after the death of his father William C. Drury. He sought to avoid the statute of limitation (one year) by averring the insanity of William C. Drury Upon this issue the court held against him; but on the question of his capacity to commence and maintain the action the court held that he had “such an *109 interest in the will of Mrs. Siebs as to enable him to maintain a contest thereof.”
In In re Langevin, 45 Minn., 429, it was held that a judgment creditor of the heir at law is an interested person within the meaning of the statute of that state providing that “all persons interested” might contest the probate of a will.
In Estate of Baker, 170 Cal., 578, it was held that the statutory right conferred by Section 1327 of the Code of Civil Procedure of that state upon “any person interested” to contest a will within one year after it has been admitted to probate “gives to the original possessor of that right a chose in action which is assignable and which survives his or her death.”
This court held in the case of Sears v. Steinhelfer, 89 Ohio St., 163, that, “Where the devisee of real estate transfers it after the probate of the will by which it was devised, the grantee is an interested person within the meaning of Section 12080, General Code, and is a necessary party to an action subsequently brought to contest the validity of the will.”
The language of Sections 12079 and 12080, General Code, is substantially the same. In the former section, the words “a person interested” are used. In the latter section, the words, “other interested persons.” These words are identical in meaning.
This court in the case of Sears v. Steinhelfer, supra, has construed this language in Section 12080, General Code, to mean a person interested at the time the action to contest a will is commenced. .Certainly the same words in a statute relating to *110 the same subject-matter and originally a part of the same act (75 Ohio Laws, 781) should not receive a different construction.
It is insisted, however, that an action to contest a will is in the nature of an appeal from the order of the probate court admitting the will to probate, and that a person who is not interested at the time the appeal could be taken would not be an interested party within the meaning of this statute.
Whatever may be the nature of this action, it is not an appeal, but an independent civil action, so denominated by the statute itself, and the defendants must be brought into court by process, as in other civil actions. Bradford v. Andrews et al., 20 Ohio St., 208.
It may.possibly have been the purpose of this statute to avoid such contingency by providing an independent action instead of an appeal; yet, undoubtedly, the more important purpose of the statute is to afford the parties their constitutional right of a trial by jury, and this would not have been accomplished by providing for.an appeal.
An appeal may be taken from an order of the probate court refusing to admit a will to probate, but the questions heard upon such appeal are the same as the questions presented to the probate court,' and must be heard and .determined by the common pleas court without the aid of a jury.
If upon such appeal the common pleas court orders the will admitted to probate, then, if it is desired to contest the will, an independent action must be brought in the common pleas court, although it (is the same court that upon appeal *111 ordered that the will be admitted to probate. This is sufficient to show that this action is not in fact in the nature of * an appeal, or in any respect analogous thereto, notwithstanding the fact that courts have made use of that expression in cases wherein the distinction between an appeal and an independent action was not in issue and in no wise important in the disposition of the questions involved.
For these reasons the judgment of the common pleas court sustaining the demurrer, and the judgment of the court of appeals affirming the same, are reversed, and the cause remanded.

Judgments reversed, and cause remanded.

Nichols, C. J., Wanamaker and Johnson, JJ., concur.
Matthias, J., not participating.