In the Matter of the ESTATE OF Janet Rae PAWLIK, a/k/a Janet R. Pawlik, a/k/a Janet Pawlik, Deceased.

No. A13–1628.

Court of Appeals of Minnesota.

April 14, 2014.

John G. Westrick, Nathan T. Griffin, Westrick & McDowall–Nix, PLLP, St. Paul, MN, for appellant Thomas Pawlik.

Michael A. Rosow, Gerald H. Fornwald, Winthrop & Weinstine, P.A., Minneapolis, MN, for respondent Charles Bond.

Considered and decided by BJORKMAN, Presiding Judge; ROSS, Judge; and HOOTEN, Judge.

## OPINION

HOOTEN, Judge.

An heir challenges the district court's determination that the creditor of another heir has standing to petition for a determination of descent. Because the creditor has a judgment that can be satisfied by the inherited property, the creditor has a property right in the decedent's estate and has standing under the probate code as an interested person. We affirm.

## FACTS

Janet Pawlik died in January 2003, survived by her two sons, appellant Thomas Pawlik and Timothy Pawlik. In January 2012, respondent Charles Bond, a creditor with a docketed judgment against Timothy, petitioned the district court to determine that the decedent died intestate and to assign her estate to Thomas and Timothy under Minn.Stat. § 525.31.

In April 2012, Thomas objected to Bond's petition, alleging lack of standing. Thomas also petitioned to probate a copy of the decedent's will dated December 22, 2002, which leaves the decedent's entire estate to Thomas. No original will was filed with the district court, but Thomas filed a copy of the purported will signed by the decedent and two witnesses. At trial, one of the witnesses invoked her privilege against self-incrimination and refused to verify her signature. A forensic document examiner testified that the decedent's signature on the purported will was "transferred from another document by means of cut and paste."

The district court found that the purported copy of the decedent's will was not a copy of an original will and that the decedent had not executed a valid will. The district court also concluded that Bond has standing to petition for a determination of descent because he is an interested person under Minn.Stat. § 524.1–201(32). The district court explained that "[w]hile it is rare and unusual that a creditor of an heir would commence a determination of descent proceeding," Bond has standing because Timothy "has done everything possible to avoid payment of his debt" and "[e]state assets that would otherwise have gone to Timothy Pawlik were redirected through various means, including falsifying a will, to avoid payment."[1] Accordingly, the district court determined that the decedent died intestate and assigned her estate consisting of real and personal property to Thomas and Timothy in equal shares. This appeal follows.

## ISSUE

Did the district court err as a matter of law by determining that Bond, a judgment creditor of an heir, is an interested person under Minn.Stat. § 524.1–201(32), and therefore has standing to petition for a determination of descent under Minn.Stat. § 525.31?

## ANALYSIS

■ We review statutory construction de novo. *Am. Family Ins. Grp. v.*

1. Thomas does not appeal the district court's factual finding that Timothy falsified the decedent's will to avoid paying his debt.

*Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). "When construing a statute, our goal is to ascertain and effectuate the intention of the legislature." *Id.* at 278. "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language. If a statute is ambiguous, we apply other canons of construction to discern the legislature's intent." *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010) (citation omitted). We construe words and phrases "according to rules of grammar and according to their common and approved usage." Minn.Stat. § 645.08(1) (2012).

Under Minn.Stat. § 525.31, "any interested person" may petition the district court to determine descent of a decedent's property and to assign the property if more than three years has passed since death and no probate proceeding has commenced.

> "Interested person" includes heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against the estate of a decedent, ward or protected person which may be affected by the proceeding. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

Minn.Stat. § 524.1–201(32).

The parties' arguments focus on the first sentence of section 524.1–201(32). Thomas argues that "it is clear from the specific statutory language that what makes one an 'interested person' is the existence of 'a property right in or claim against the estate of decedent.'" In contrast, Bond argues that the provision "does not limit 'creditors' to creditors of the estate" and that, even if it does, he is still an interested person because he falls under the "any others" category of the provision.

We first note that the text of section 524.1–201(32) evidences the legislature's intention that the term "interested person" is to be applied broadly. The first sentence provides that the term "interested person" *includes* seven categories of people. Likewise, the second sentence provides that the term *includes* two more categories. The plain meaning of "includes" refers to a nonexhaustive and nonexclusive list. *See LaMont v. Indep. Sch. Dist. No. 728,* 814 N.W.2d 14, 19 (Minn. 2012) (stating that "[t]he word 'includes' is not exhaustive or exclusive"); *The American Heritage Dictionary of the English Language* 888 (5th ed.2011) (defining "include" as "[t]o contain or take in as a part, element, or member" and "[t]o consider as part of or allow into a group or class"). The third sentence of the statute further provides that the meaning of an "interested person" "as it relates to particular persons may vary from time to time." This provision evidences the legislature's recognition that courts have discretion to examine the particular circumstances at the time to determine who qualifies as an "interested person." *See* Minn.Stat. § 645.44, subd. 15 (2012) (defining "may" as permissive language).

Turning to the first sentence of section 524.1–201(32), we conclude that the provision is ambiguous because it is unclear from the text whether the qualifying phrase "having a property right in or claim against the estate of a decedent" modifies only the noun "any others" or modifies all nouns in the series "heirs, devisees, children, spouses, creditors, beneficiaries and any others." The resolution of this ambiguity turns on the applicability of two canons of statutory interpretation: the last-ante-

cedent canon and the series-qualifier canon.

■ Under the last-antecedent canon, a qualifying phrase ordinarily modifies only the noun or phrase it immediately follows. *See Woodhall v. State,* 738 N.W.2d 357, 361–62 (Minn.2007) (citing *Barnhart v. Thomas,* 540 U.S. 20, 26, 124 S.Ct. 376, 380, 157 L.Ed.2d 333 (2003) (construing the Social Security Act and concluding that the qualifying phrase "which exists in the national economy" modifies only the noun immediately following it: "any other kind of substantial gainful work")). Accordingly, this rule supports Bond's construction—that the qualifying phrase "having a property right in or claim against the estate of a decedent" modifies only the noun "any others."

■ The last-antecedent canon, however, "is not an absolute and can assuredly be overcome by other indicia of meaning." *Barnhart,* 540 U.S. at 26, 124 S.Ct. at 380. The series-qualifier canon can provide such alternative indicia of meaning. Under this canon, "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Porto Rico Ry., Light & Power Co. v. Mor,* 253 U.S. 345, 348, 40 S.Ct. 516, 518, 64 L.Ed. 944 (1920). "When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147 (2012). The series-qualifier canon may be applicable where the text of a statute is a "flowing sentence that lacks any distinct separations"; is "unbroken by numbers, letters, or bullets"; and is not written in a "divided grammatical structure" demonstrated by double-dashes

opening a list or semicolons separating each listed noun. *See In re Amy Unknown,* 701 F.3d 749, 763 (5th Cir.2012) (declining to apply the series-qualifier canon to a statute with a divided grammatical structure), *cert. granted in part by Paroline v. United States,* —— U.S. ——, 133 S.Ct. 2886, 186 L.Ed.2d 932 (2013).

Here, the phrase at issue—"heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against the estate of a decedent"—is written in straightforward, parallel construction with only commas separating the listed nouns. Moreover, the qualifier is applicable to all listed nouns in the series. Indeed, heirs, devisees, children, spouses, creditors, and beneficiaries do not necessarily have a property right in or claim against the estate of a decedent. For example, we have held that a father, who had "no financial stake in the accounting under [a] will," was not an interested person under the probate code because he was not a beneficiary of the will. *In re Estate of Mealey,* 695 N.W.2d 143, 146 (Minn.App.2005). Further, a person who falls within one of the stated categories of people under section 524.1–201(32), but who relinquishes his or her right to an interest in an estate, would no longer have a current property right in the estate. The grammatical structure of the statutory provision and the comprehensive applicability of the qualifying phrase compel us to conclude that the qualifying phrase "having a property right in or claim against the estate of a decedent" modifies all nouns in the series.

Accordingly, to be an interested person under section 524.1–201(32), Bond must be a creditor—or "any other[ ]" person—having a property right in or claim against the decedent's estate. Thomas is correct that Bond has no claim against the decedent's estate because Bond's judgment against

Timothy is not a liability of the decedent or her estate. *See* Minn.Stat. § 524.1–201(8) (2012) (defining "claims" to include "liabilities of the decedent" or "liabilities of the estate"). But we conclude that Bond does have a property right in the decedent's estate.

The probate code does not define the term "property right." As it relates to property, *Black's* defines "right" as "[t]he interest, claim, or ownership that one has in tangible or intangible property." *Black's Law Dictionary* 1436 (9th ed.2009). An "interest" is defined as, among other things, "[a] legal share in something; all or part of a legal or equitable claim to or right in property." *Id.* at 885. One of the many definitions of "claim" is "[a] demand for money, property, or legal remedy to which one asserts a right." *Id.* at 282. Clearly, these words are defined in a circular fashion and a resort to dictionaries to define the term "property right" is not helpful.

We find guidance, however, in the probate code's mandate that courts should determine whether a person is an interested person "according to the particular purposes of, and matter involved in, any proceeding." *See* Minn.Stat. § 524.1–201(32); Minn.Stat. § 645.44, subd. 15a (2012) (defining "must" as mandatory language). Here, Bond petitioned for a determination of descent for the purpose of collecting on the judgment against Timothy. And, as the district court found, Thomas's petition for a determination of descent and probate of a will involved a falsified will designed for Timothy to escape paying the judgment from his inheritance. Accordingly, we examine the term "property right" in the context of a judgment creditor's ability to satisfy the judgment with inherited property. In this context, *In re Langevin's Will* is instructive. 45 Minn. 429, 47 N.W. 1133 (1891).

In *Langevin's Will*, a judgment creditor of an heir sought to contest the probate of a will which would devise all of decedent's property to persons other than the heir. *Id.* at 430, 47 N.W. at 1133. The judgment creditor obtained "liens on all the real estate the [heir] might have or thereafter acquire." *Id.* at 430, 47 N.W. at 1133. The probate code at the time left the term "interested person" undefined. *See* Minn. Gen. Stat. ch. 85, § 5644 (1891) (providing that certain persons, including "any other person interested in the estate," may challenge a will). The supreme court allowed the judgment creditor to contest the probate, concluding that "[a] judgment creditor has *always a right* to assail or defend against anything which may divest his lien." *Langevin's Will*, 45 Minn. at 430, 47 N.W. at 1134 (emphasis added). The supreme court reasoned, "If the deceased left no will, the judgments of [the creditor] became at once liens on the heir's share of the real estate. The probate of a spurious will would conclusively unseat the liens." *Id.* at 430, 47 N.W. at 1133–34; *see also In re Duffy's Estate,* 228 Iowa 426, 292 N.W. 165, 169–70 (Iowa 1940) (holding that "[t]he lien of a judgment creditor which entitles him to redeem the land encumbered from tax sale, or to redeem it from sale under special execution, certainly ought to be an interest of such benefit and value to him, to entitle him to contest a will which would deprive him of that interest").

Here, Bond has not executed the judgment and would not automatically have a lien against Timothy's inherited and registered Torrens real property. *See* Minn. Stat. § 548.09, subd. 1 (2012) (providing that "[f]rom the time of docketing the judgment is a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor, but it is not a lien upon registered land

unless it is also recorded"). However, Bond possesses the right to enforce the judgment by levying on Timothy's property, *see* Minn.Stat. §§ 550.01, .10 (2012), and would have a lien once Timothy acquires the property and Bond complies with the recording requirement of Minn. Stat. § 508A.63 (2012). Because the decedent died without a valid will, Timothy would take a part of her estate by descent. Similar to *Langevin's Will*, the probate of a falsified will would have divested Bond's ability to levy on Timothy's inherited property or to establish a lien. Because Bond's judgment against Timothy can be satisfied by the decedent's property to be inherited by Timothy, we conclude that he is a creditor or any other person having a property right in the decedent's estate. Accordingly, Bond is an interested person under section 524.1–201(32).

## DECISION

Because Bond has a property right in the decedent's estate and is an interested person under Minn.Stat. § 524.1–201(32), the district court did not err in determining that he has standing to petition for a determination of descent under Minn.Stat. § 525.31. We need not address Bond's additional arguments that he has standing under other provisions of section 525.31 and the common-law principles of standing.

**Affirmed.**