



# SUPREME COURT OF ARKANSAS

**No.** CV–14–942

| | |
|---|---|
| PATRICK ROBERSON<br>APPELLANT<br><br>V.<br><br>PHILLIPS COUNTY ELECTION COMMISSION; JEROME TURNER, JOHNNIE SUMPTER, AND ALLEN MARTIN, IN THEIR OFFICIAL CAPACITIES AS COMMISSIONERS; LINDA WHITE, IN HER OFFICIAL CAPACITY AS COUNTY AND PROBATE CLERK OF PHILLIPS COUNTY; AND DERRICK TURNER<br>APPELLEES | **Opinion Delivered** November 19, 2014<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-2014-239-3]<br><br>HONORABLE BENTLEY E. STORY, JUDGE<br><br><u>AFFIRMED IN PART; DISMISSED IN PART</u>. |

## DONALD L. CORBIN, Associate Justice

Appellant Patrick Roberson appeals two orders of the Phillips County Circuit Court, granting a petition for writ of mandamus and declaratory judgment filed by appellee Derrick Turner; finding that, pursuant to Arkansas Code Annotated section 7-5-111 (Supp. 2013), Roberson was disqualified as a candidate from the position of Helena–West Helena City Treasurer; and denying his motion to withdraw from the Justice of the Peace election in Phillips County. For reversal, Roberson argues that the circuit court erred (1) in disqualifying him from seeking re-election as Helena–West Helena City Treasurer; (2) in denying a motion to dismiss a petition for writ of mandamus and for declaratory judgment and injunction filed by Turner; (3) in disallowing a witness to testify; and (4) in denying Roberson's request to withdraw from the Justice of the Peace election. Pursuant to Arkansas Supreme Court Rule

1-2(a)(4) (2014), this court has jurisdiction, as this appeal pertains to an election and election procedures. We affirm in part and dismiss in part.

In the summer of 2013, the Arkansas legislature passed Act 1471, codified at Arkansas Code Annotated section 7-5-111, which states that "[a] person shall not run for election for more than one (1) state, county, or municipal office if the elections are to be held on the same date." Prior to March 2014, Roberson filed for re-election as a candidate for Justice of the Peace. Subsequently, he also filed for re-election as a candidate for the office of Helena-West Helena City Treasurer. Roberson was the incumbent in both races.

On October 7, 2014, Turner, as a candidate for Helena-West Helena City Treasurer, filed a petition for writ of mandamus and for declaratory judgment and injunction against the Phillips County Election Commission and others, seeking to remove Roberson's name from the ballot or, alternatively, refusing to count the votes, and arguing that Roberson's actions violated section 7-5-111. On October 31, 2014, the circuit court held a hearing on Turner's petition, and all parties appeared. At the hearing, Roberson made an oral motion to withdraw from the Justice of the Peace election, but the circuit court did not rule on the oral motion. The circuit court also denied Roberson's motion to dismiss at the close of Turner's case. After the hearing, Roberson filed a "Motion for Ruling on Authority to Withdraw from Justice of the Peace Election" with the circuit court.

The circuit court entered its order, ruling that "a person cannot run for more than one state office, one county office, or one municipal office if the elections are held on the same day." The court disqualified Roberson from the city-treasurer position, ordered the votes to

be tallied, and stated that the results would not be certified until this court rules on appeal. In a separate order, the circuit court denied Roberson's motion to withdraw from the Justice of the Peace election and ruled that Roberson was first qualified to run for Justice of the Peace in May 2014 and that he was not qualified to run for City Treasurer in August 2014. Roberson timely filed a notice of appeal, and Turner timely filed his notice of cross-appeal of the portion of the circuit court's order stating that "the votes for Mr. Roberson and Mr. Turner will be counted by the election commission and the results will not be certified until the Arkansas Supreme Court rules on an appeal."

On November 3, 2014, Roberson filed a motion for expedited appeal and for shortening the period of time for briefing and a motion for filing partial record with this court. On November 5, 2014, this court granted Roberson's motions and took the motions as a case. On November 6, 2014, Chalk. S. Mitchell, Phillips County Attorney, gave this court notice regarding the unofficial 2014 general-election results filed with the Phillips County Clerk. Roberson won the election by 70.73% of the vote to Turner's 29.27%. In an affidavit, Phillips County Election Commissioner Allen R. Martin stated that the votes had been tallied by the election commission but had not yet been certified, as it was ordered to wait until this court rules on an appeal. Because certification has not yet occurred, we are not precluded from considering the merits of Roberson's appeal.

On appeal, Roberson argues that the circuit court erred (1) in disqualifying him from seeking re-election as treasurer of the City of Helena-West Helena; (2) in refusing to dismiss Turner's petition as there was insufficient proof to disqualify Roberson; (3) in refusing to

3

SLIP OPINION

permit a witness to testify as to his knowledge on the intent of the statute; and (4) in denying Roberson's request for alternative relief to withdraw from the Justice of the Peace ballot.

Because Roberson's first two arguments hinge on the statutory interpretation of section 7-5-111, we will discuss those points in tandem. This court reviews the circuit court's statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *Swenson v. Kane*, 2014 Ark. 444, ___ S.W.3d ___. The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Berryhill v. Synatzske*, 2014 Ark. 169, 432 S.W.3d 637. We construe statutes so that, if possible, every word is given meaning and effect. *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, 440 S.W.3d 335. When a statute is clear, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). Statutes relating to the same subject should be read in a harmonious manner if possible. *Carroll v. Hobbs*, 2014 Ark. 395, ___ S.W.3d ___ (per curiam).

Arkansas Code Annotated section 7-5-111 plainly states that "[a] person shall not run for election for more than one (1) state, county, or municipal office if the elections are to be held on the same date." Here, the phrase, "more than one" means two or more, and "state, county, or municipal" are adjectives modifying the word "office." *See id.* In other words,

4

the plain language of section 7-5-111 dictates that Roberson was prohibited from running for two offices—in this instance, Justice of the Peace, a county office, and Helena-West Helena City Treasurer, a city office—when elections for both offices were held on November 4, 2014.

Roberson claims that he was permitted to run for both offices because other statutes contemplate a dual-office holder. For example, Arkansas Code Annotated section 21-5-107(a)(1) (Repl. 2004) provides that "[a] person holding more than one (1) elective office shall be entitled to receive compensation from only one (1) of the offices held." In reading section 21-5-107 harmoniously with section 7-5-111, Roberson could hold two offices (1) if the elections were not held on the same date, and (2) if he received compensation for only one office. Given this criteria, Roberson testified that he received compensation for only one office, but he has failed to prove, under section 7-5-111, how he can hold both offices simultaneously when elections for both offices were held on November 4, 2014. Therefore, under these specific circumstances, we hold that the circuit court properly ruled that, pursuant to section 7-5-111, Roberson was disqualified from the position of Helena-West Helena City Treasurer. Because the circuit court properly interpreted section 7-5-111 and disqualified Roberson from the city-treasurer race, we hold that the circuit court did not err by denying Roberson's motion to dismiss.

For the third point on appeal, Roberson argues that the circuit court erred in refusing to allow State Representative Chris Richey to testify about the legislative intent behind section 7-5-111. However, in his reply brief, Roberson withdrew this argument; therefore,

5

we decline to address the merits of this point on appeal.

For his fourth point on appeal, Roberson asserts that the circuit court erred when it denied his motion to retroactively withdraw from the Justice of the Peace election in order to run for the Helena-West Helena City Treasurer position. We hold that this argument is moot because the election for Justice of the Peace has already occurred, Roberson was elected to the position, and there was no stay of the certification of the results for the Justice of the Peace position. *Cf. Ball v. Phillips Cnty. Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205 (2006). We decline to address any mootness exceptions, as the instant case does not merit any exceptions, and therefore, we dismiss that portion of Roberson's appeal involving the circuit court's denial of his motion to withdraw from the Justice of the Peace election.

Affirmed in part; dismissed in part.

Mandate to issue immediately.

HOOFMAN, J., concurs.

BAKER, GOODSON, and HART, JJ., dissent.

**CLIFF HOOFMAN, Justice, concurring.** While I agree with the result reached in this case, I disagree with the majority's analysis on the first two points on appeal, as I do not believe that the language in Ark. Code Ann. § 7-5-111 (Supp. 2013) is clear and unambiguous. Thus, I respectfully concur.

A statute is ambiguous if it is open to more than one construction or if it is of such obscure and doubtful meaning that reasonable minds could disagree or be uncertain as to its meaning. *City of Maumelle v. Jeffery Sand Co.*, 353 Ark. 686, 120 S.W.3d 55 (2003). "Where

a statute is ambiguous, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject." *Id*. at 694, 120 S.W.3d at 59.

Applying these rules of construction to the facts in the instant case, I agree with Roberson that the language in Ark. Code Ann. § 7-5-111 is ambiguous. Roberson contends that the phrase "more than one" in the statute modifies all three levels of office—state, county, and municipal. Thus, he asserts that the statute should be interpreted to mean that a person is prohibited from running for more than one state, more than one county, or more than one municipal office if the election is to be held on the same date. He also introduced testimony from Commissioner Allen Martin and Representative Chris Richey that they agreed with Roberson's interpretation of the statute. Therefore, the language in Ark. Code Ann. § 7-5-111 is open to more than one construction and is ambiguous. The fact that there are multiple members of this court who reach quite different conclusions from what they assert is clear and unambiguous language in this statute is further convincing evidence that the statute is indeed ambiguous.

However, I would affirm the circuit court's ultimate finding that Roberson was disqualified from running for both positions pursuant to the statute. Although Roberson introduced testimony from Representative Richey that the legislature intended the statute to read as suggested by Roberson, the legislative history itself does not support Roberson's argument. By agreement of the parties, the transcripts of the committee hearing and of the regular session of the House of Representatives at which Act 1471 was passed were

7

introduced into evidence. These transcripts indicate that Representative James Word, who introduced the bill, intended for this law to prohibit someone from running for and winning more than one elected position, and if they are then unable or choose not to serve in one of these positions, the municipality would have to suffer the financial burden of holding a special election. Based on this transcript, Roberson argues that "there is no legislative intent to prohibit holding all dual offices but, only where the dual office is already improper by statute or doctrine of incompatibility and thus potentially causing a special election." However, regardless of the specific situations for which the law was intended, Ark. Code Ann. § 7-5-111 as written does not contain any of the qualifications or limitations argued by Roberson. In fact, the title of Act 1471 clearly states that it is "AN ACT TO PREVENT CANDIDATES FROM RUNNING FOR MORE THAN ONE (1) OFFICE UNDER CERTAIN CIRCUMSTANCES; AND FOR OTHER PURPOSES." The language in the statute describes these "certain circumstances," which occur when the election for multiple positions is held on the same date. In addition, Representative Word stated when introducing the bill in committee that "this particular bill simply prevent[s] a person to appear on the same ballot for two separate positions at any given time." Thus, I agree with the circuit court's interpretation of the statute, and I would affirm on this basis.

**KAREN R. BAKER, Justice, dissenting.** The lead opinion affirms the circuit court's ruling based on an erroneous reading of the statute at issue. The lead opinion holds,

> The statute, Ark. Code Ann. § 7-5-111 (Supp. 2013), in its entirety provides "A person shall not run for election for more than one (1) state, county, or municipal office if the elections are to be held on the same date." Arkansas Code Annotated section 7-5-111 plainly states that "[a] person shall not run for election for more than

one (1) state, county, or municipal office if the elections are to be held on the same date." Here, the phrase, "more than one" means two or more, and "state, county, or municipal" are adjectives modifying the word "office." *See id.* In other words, the plain language of section 7-5-111 dictates that Roberson was prohibited from running for two offices—in this instance, Justice of the Peace, a county office, and Helena–West Helena City Treasurer, a city office—when elections for both offices were held on November 4, 2014.

The lead opinion's interpretation is inaccurate and ignores our rules of statutory interpretation and plain English. First, "we construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation." *James v. Pulaski Cnty. Cir. Ct., Fifth Div.*, 2014 Ark. 305, 439 S.W.3d 19 (internal citations omitted).

Second, the statute is clear in plain English. The lead opinion ignores the plain English of the statute and constructs a contrary interpretation in abrogation of generally accepted grammatical rules and our own rules of statutory interpretation without citation to any authority. In reviewing the statute, "One (1)" modifies each element of the following series–state, county, or municipal. Here, the number "One (1)" is applied to the series.[1]

---

[1]A number, or determiner, tells us how many items are in each set. In this sense, the number is a modifier. When the number is two or above, the object takes the plural form, so if the lead opinion is correct that more than one means two or more, applied as a prepositive to the series, the sentence would correctly read:

A person cannot run for two or more state offices, [two or more] county offices, or [two or more] municipal offices if the elections are to be held on the same date.

Thus, the meaning of the sentence does not change.

SLIP OPINION

Stated differently, a person shall not run for election for more than one (1) state office, more than one (1) county office, or more than one (1) municipal office if the elections are to be held on the same date.

"Under generally accepted rules of syntax, an initial modifier 'will tend to govern all elements in the series unless it is repeated for each element.' . . . ; *see United States Fid. & Guar. Co. v. Fireman's Fund Ins. Co.*, 896 F.2d 200, 203 (6th Cir. 1990) (per curiam)(holding that the reasonable construction of the phrase 'negligent act, error, or omission' is that the policy covers only negligent and not intentional conduct); *Ward Gen. Ins. Servs., Inc. v. Emp'rs Fire Ins. Co.*, 7 Cal. Rptr. 3d 844 (Cal. Ct. App. 2003) (stating that '[m]ost readers expect the first adjective in a series of nouns or phrases to modify each noun or phrase in the following series unless another adjective appears'); *Lewis v. Jackson Energy Coop. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005) (stating that it is 'widely accepted that an adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series unless another adjective appears.')." *Wash. Educ. Ass'n v. Nat'l Right to Work Legal Defense Found., Inc.*, 187 Fed. Appx. 681 (9th Cir. 2006). Where several things are referred to in the statute, they are presumed to be of the same class when connected by a copulative conjunction unless a contrary intent is manifest. *Carson & Co. v. Shelton*, 107 S.W. 793 (Ky. Ct. App. 1908). Further, "[i]t is also widely accepted that an adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series

10

unless another adjective appears." *Lewis v. Jackson Energy Coop. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005); *see also Ryder v. USAA Gen. Indem. Co.*, 938 A.2d 4, 7–8 (Me. 2007) (noting "standard grammatical rule that when an adjective modifies the first of a series of nouns, a reader will expect the adjective to modify the rest of the series as well (i.e. 'bodily injury, [bodily] sickness, or [bodily] disease'").[2] Additionally, in *People v. Lovato*, No. 11CA1227, 2014 WL 4458944, at *4 (Colo. App. Sept. 11, 2014), the Colorado Court of Appeals recently interpreted a criminal statute that involved a series of terms and explained

When there is a series of words or a phrase with an adjective at the beginning,

> [m]ost readers expect the first adjective in a series of nouns or phrases to modify each noun or phrase in the following series unless another adjective appears. For example, if a writer were to say, "The orphanage relies on donors in the community to supply the children with used shirts, pants, dresses, and shoes," the reader expects the adjective "used" to modify each element in the series of nouns, "shirts," "pants," "dresses," and "shoes." The reader does not expect the writer to have meant that donors supply "used shirts," but supply "new" articles of the other types of clothing.

*Ward Gen. Ins. Servs., Inc. v. Emp'rs Fire Ins. Co.*, 7 Cal. Rptr. 3d 844, 849 (2003); *see also Lewis v. Jackson Energy Coop. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005) ("[A]n adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series unless another adjective appears."); *In re Estate of Pawlik*, 845 N.W.2d 249, 252 (Minn. Ct. App. 2014) (Under the series-qualifier canon of statutory construction, " 'when several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all.' " (*quoting Porto*

---

[2]Further, I must note that the lead opinion fails to cite any authority, persuasive or otherwise, for its interpretation that "the phrase, 'more than one' means two or more, and "state, county, or municipal" are adjectives modifying the word 'office.' *See id.*" However, that citation refers to either *Carroll v. Hobbs*, 2014 Ark. 395, ___ S.W.3d ___ (per curiam) or Ark. Code Ann. § 7-5-111. Whichever citation was intended, neither support the lead opinion's grammatical interpretation.

*Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348, 40 S.Ct. 516, 64 L.Ed. 944 (1920))); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 147 (2012) ("When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.").

Furthermore, this interpretation is also supported by *Reading Law: The Interpretation of Legal Texts* that provides in pertinent part "when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147 (1st ed. 2012). *Reading Law: The Interpretation of Legal Texts* also provides the following example to explain pre-positioned modifiers:

> The Fourth Amendment begins in this way, with a prepositive (pre-positioned) modifier (*unreasonable*) in the most important phrase: "The right of the people to be secure in their persons, houses, papers and effects against *unreasonable searches and seizures*, shall not be violated . . . ." The phrase is often repeated: *unreasonable searches and seizures*. Does the adjective *unreasonable* qualify the noun *seizures* as well as the noun *searches*? Yes, as a matter of common English. . . . In the absence of some other indication, the modifier reaches the entire enumeration.

*Id.* (emphasis in original).

Finally, also in support of this interpretation is Ark. Code Ann. § 21–5–107 (Repl. 2004), "Dual office holders, compensation," which clearly permits "dual office holders" but prohibits compensation for both offices. Ark. Code Ann. § 21–5–107 provides in pertinent part:

> (a)(1) A person holding more than one (1) elective office shall be entitled to receive compensation from only one (1) of the offices held.
>
> (2) The person shall select the office from which he or she may receive compensation by filing a statement with the Secretary of State and the disbursing officer of each governmental entity in which he or she holds an elective office.

Here, the statute should be plainly read as stating that a person shall not run for election for more than one state office, [one] county office, or [one] municipal office if the elections are to be held on the same day. We are required to give meaning to every word where possible and we do not interpret a statute in such a way as to leave any word void or superfluous. *Curtis v. Lemna*, 2014 Ark. 377. However, the lead opinion relegates the words state, county, or municipal to a category of essentially meaningless adjectives modifying office that can be stricken from the statute without changing its meaning. This we cannot do. Finally, the lead opinion has necessarily disenfranchised over seventy percent of the electorate who voted for Roberson. Accordingly, I would reverse and vacate the circuit court's order.[3]

GOODSON and HART, JJ, join.

*Schieffler Law Firm*, by: *Edward H. Schieffler*, for appellant.

*Chalk S. Mitchell*, for separate appellee Phillips County Election Commission; *Robert E. Kinchen*, for separate appellee Derrick Turner.

---

[3]The concurring opinion takes the position that the statute is ambiguous because it is subject to more than one reasonable interpretation, and points to the difference of opinion on this court as evidence that the statute is open to more than one reasonable interpretation. However, an interpretation that ignores generally accepted grammatical rules is not reasonable. Nor may we substitute our subjective opinion of what is "reasonable" for the plain English used by the legislature.